Freddie Louis BREWER, Appellant,

v.

L.C. TAYLOR, Appellee.

No. 05–86–00713–CV.

Court of Appeals of Texas,
Dallas.

Sept. 21, 1987.

Freddie L. Brewer, pro se.

Samuel Theodore Foutz, Dallas, for appellee.

Before DEVANY, ROWE and HECHT, JJ.

HECHT, Justice.

Freddie Louis Brewer, an inmate in the Texas Department of Corrections, filed this malpractice action pro se against his criminal defense attorney, L.C. Taylor. Although Brewer announced ready for trial, he failed to appear at the appointed time because he was not at liberty to quit his place of confinement. The district court dismissed Brewer's action for want of prosecution and denied his motion to reinstate, which Brewer complains was an abuse of discretion. We disagree with Brewer, overrule his two points of error, and affirm the judgment.

Brewer filed this action pro se on March 10, 1985, while serving a life sentence in the Texas Department of Corrections. He alleged that Taylor, the lawyer appointed to represent him in a 1979 criminal prosecution, was negligent in conducting the defense of that case. Taylor generally denied Brewer's allegations, and additionally, answered that Brewer's action was barred by res judicata, because the same action in federal court had been dismissed in 1981, and by limitations, because this action was filed more than two years after it accrued in 1979.[1]

Trial was originally set for April 14, 1986. Several months earlier, on December 11, 1985, Brewer filed an application for writ of attachment to have himself brought from prison to court for trial. Brewer never sought or obtained a ruling on his application. On April 11, 1986, Brewer filed an announcement of ready for trial. The trial court, however, postponed the trial date to May 27, 1986. When Brewer failed to appear for trial on that date either in person or by counsel, the district court dismissed the case for want of prosecution.

Brewer moved to reinstate the case, complaining that he was not afforded an opportunity to move for continuance before the trial date because the district court had not ruled on his application for attachment. The district court denied his motion.

■ Brewer first complains that the district court abused its discretion in dismissing his action for failure to appear for trial when he was incarcerated. A case may be dismissed for want of prosecution for failure of any party seeking affirmative relief or his attorney to appear for any hearing

---

1. We merely refer to Taylor's claims and, of course, offer no opinion here on whether the limitations period applicable to legal malpractice actions is two years or four years, or when such actions accrue. *See Willis v. Maverick,* 723 S.W.2d 259 (Tex.App.—San Antonio 1986), *writ granted,* 30 Tex.Sup.Ct.J. 572 (July 15, 1987).

or trial of which the party or attorney had notice. Tex.R.Civ.P. 165a. Brewer does not deny that he had notice of the trial setting but complains that his incarceration made it impossible for him to appear.

■ A person seeking affirmative relief who cannot appear for trial because of incarceration must move for a continuance. *Hobbs v. Hobbs*, 691 S.W.2d 75, 77 (Tex. App.—Dallas 1985, writ dism'd). He cannot simply ignore a trial setting with impunity. *Essex Int'l Ltd. v. Woods*, 646 S.W.2d 322, 324 (Tex.Civ.App.—Dallas 1983, no writ). Although Brewer had made known the fact of his incarceration to the trial court in his application for writ of attachment some months prior to trial, he did not file a motion for continuance. On the contrary, he filed an announcement of ready for trial. Having made such an announcement and then failed to appear, Brewer cannot now complain that the district court abused its discretion in dismissing his case.

Brewer also complains that the district court abused its discretion in denying his motion to reinstate. Brewer argues that his failure to appear was involuntary and not intentional or consciously indifferent, and therefore his action should have been reinstated. *Wyatt v. Texas Oklahoma Express, Inc.*, 693 S.W.2d 731 (Tex.Civ.App.—Dallas 1985, no writ).

■ A prison inmate's right to access the courts [2] does not entail the right to appear personally. *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir.1976); *Ballard v. Spradley*, 557 F.2d 476, 480–481 (5th Cir. 1977); *Craigo v. Marshall*, 331 S.E.2d 510, 514–515 (W.Va.1983); *see Doyle v. Doyle*, 482 S.W.2d 285 (Tex.Civ.App.—Beaumont), *cert. denied*, 409 U.S. 855, 93 S.Ct. 195, 34 L.Ed.2d 100 (1972).

As long as the inmate and his counsel are afforded adequate opportunity to confer confidentially and to petition the courts about matters in controversy, the right of access is satisfied....

... [I]t is within the discretion of the court to determine whether a prison inmate shall attend court proceedings held in connection with an action initiated by the inmate....

... [T]he trial court must weigh the interest of the plaintiff in presenting his testimony in person against the interest of the state in maintaining the confinement of the plaintiff-prisoner.

*Stone*, 546 F.2d at 735. The factors the trial court is to consider are:

—The cost and inconvenience of transporting the prisoner between his place of incarceration and the courtroom;

—The security risk and potential danger to the court and public of allowing the prisoner to attend court;

—Whether the prisoner's claims are substantial;

—Whether a determination of the matter can reasonably be delayed until the prisoner is released;

—Whether the prisoner can and will offer admissible, non-cumulative testimony which cannot be offered effectively by deposition, telephone, or otherwise;

—Whether the prisoner's presence is important in judging his demeanor and credibility compared with that of other witnesses;

—Whether the trial is to the court or to a jury; and

—The prisoner's probability of success on the merits.

*See Stone*, 546 F.2d at 735–736; *Ballard*, 557 F.2d at 480–481; *Craigo*, 331 S.E.2d at 514–515. The trial court must weigh protection of the integrity of the correctional

---

**2.** Taylor does not argue that Brewer was not entitled to bring this action. Although the question has never been answered directly in Texas as far as we know, Texas courts appear to assume that an incarcerated felon has the right to initiate a civil action unrelated to his conviction or imprisonment. *See San Antonio & A.P. Ry. v. Gonzales*, 72 S.W. 213, 215 (Tex.Civ.App.—1903, writ ref'd); *see also Dancer v. City of* *Houston*, 384 S.W.2d 340, 344–345 (Tex.1964); *see generally* Annotation, *Right in Absence of Express Statutory Authorization, of One Convicted of Crime and Imprisoned or Paroled, to Prosecute Civil Action*, 74 A.L.R.3d 680 (1976). Such assumption is properly based upon the constitutional prohibition of outlawry. Tex. Const. art. 1, § 20; Tex.Code. Crim.Proc.Ann. art. 1.18 (Vernon 1977).

system against the prisoner's right of access to the courts and strike a balance that is fundamentally fair.

■ Inasmuch as a prisoner has no right to appear in court in a civil case he has initiated, it follows that he must show why his personal appearance is justified. Brewer made no such showing. His application for writ of attachment contains no basis or argument for granting it.[3] Even if it did, Brewer did not request or obtain a ruling on it and therefore cannot complain that it was not granted. *See Moore v. Rotello*, 719 S.W.2d 372, 380 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Moreover, the record does not reflect any compelling reason to allow Brewer to attend trial in this case. Brewer is serving a life sentence at a state prison facility more than 80 miles from the district court in Dallas. The risks of allowing him to attend court are both obvious and real. No jury was demanded. There is no indication what Brewer's testimony would be, other than that it would presumably relate to his malpractice allegations, nor why it could not be offered by deposition or telephone. Given this state of the record, the district court's refusal to reinstate the case was not an abuse of discretion.

Having taken on the role of a pro se litigant, Brewer was liable to prosecute his action with diligence, like any other litigant. *See Johnson v. McLean*, 630 S.W.2d 790, 793 (Tex.App.—Houston [1st Dist.] 1982, no writ). This he clearly failed to do. Accordingly, we overrule his points of error and affirm.

**3.** We do not doubt the power of the district court to order that a prisoner be brought before the court to testify in a civil case, whether initiated by himself or someone else. *Cf. Doyle v. Doyle*, 482 S.W.2d 285 (Tex.Civ.App.—Beaumont 1972), *cert. denied*, 409 U.S. 855, 935 S.Ct. 195, 34 L.Ed.2d 100 (1972) ("We have found no provision in the law of this state authorizing a trial judge to issue a bench warrant in a civil case."). The type of order to be used is sometimes referred to as an attachment or bench warrant. *See* Tex.Code Crim.Proc. art. 24.13 (Vernon 1966). More properly, the order is a writ of habeas corpus ad testificandum. *See* 97 C.J.S. *Witnesses* § 30 (1957); *see also,* 28 U.S.C. § 2241 (1977). The district courts are vested with jurisdiction to issue such a writ. *See* Tex. Const. art. 5, § 8.