TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00812-CV






William C. Zinger, Appellant



v.



Erika R. Lacey, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT


NO. 97-D-062, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING 







 William Zinger, pro se, brings a restricted appeal from a final decree in his divorce
from Erika Lacey. Zinger complains that the trial court erroneously denied him appointed counsel
or a bench warrant so that he could act as his own counsel at the divorce hearing. (1) He also
complains about the property division. We will affirm the decree.

 A restricted appeal under appellate rule 30 has replaced the writ of error procedure
under the former appellate rules. See Tex. R. App. P. 30. To succeed on a restricted appeal one
must show: (1) the appeal was brought within six months of the date the judgment is signed by
the court, (2) by a party to the suit, (3) who did not participate in the hearing that resulted in the
judgment complained of; (4) error must appear on the face of the record, and (5) the appellant
must not have timely filed a post-judgment motion, a request for findings of fact or conclusions
of law, or a timely notice of appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (West
1997); Tex. R. App. P. 30; Norman Communications v. Texas Eastman Co., 955 S.W.2d 269,
270 (Tex. 1997) (citing DSC Fin. Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991)); L.P.D.
v. R.C., 959 S.W.2d 728, 729-30 (Tex. App.--Austin 1998, pet. denied).

 A restricted appeal affords an appellant the same scope of review as an ordinary
appeal, that is a review of the entire case. Norman Communications, 955 S.W.2d at 270. The
only restriction on the scope of review is that the error must appear on the face of the record. Id.
(citing General Elec. Co. v. Falcon Ridge Apartments, 811 S.W.2d 942, 943 (Tex. 1991)). The
record consists of all papers filed with the trial court, including the clerk's and reporter's records. 
Norman Communications, 955 S.W.2d at 270 (citing DSC Fin. Corp., 815 S.W.2d at 551);
L.P.D., 959 S.W.2d at 730. The only element at issue in this restricted appeal is whether error
appears on the face of the record.

 By his first point of error, Zinger contends that the trial court improperly denied
him representation at trial. He asserts that the trial court erroneously denied him appointed
counsel and a bench warrant to transfer him from the Travis County Del Valle prison facility
where he was incarcerated to the divorce hearing in Lockhart.

 Zinger and Lacey were married on October 20, 1984. On March 3, 1997, Lacey
filed a petition for divorce in Caldwell County which Zinger answered on March 24. Through
a series of letters Zinger asked the district court to appoint an attorney to represent his interests
in the divorce. The district court denied the request. Zinger then requested that the district court
issue a bench warrant so that he could represent himself at the divorce hearing. The district court
also denied this request. On July 9, the trial court held a final hearing on the divorce and signed
the decree.

 While a district court has the discretion to appoint counsel for an indigent party in
a civil case, the Texas Supreme Court has never recognized a right to counsel in civil cases. Tex.
Gov't Code Ann. § 24.016 (West 1988); Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339, 341
(Tex. App.--Corpus Christi 1997, no writ) (citing Travelers Indem. Co. v. Mayfield, 923 S.W.2d
590, 594 (Tex. 1996)). The supreme court noted, however, "in some exceptional cases the public
and private interests at stake are such that the administration of justice may best be served by
appointing a lawyer to represent an indigent civil litigant." Mayfield, 923 S.W.2d at 594. Zinger
has afforded us no argument that his case represents such an exception. We conclude Zinger has
not shown that the trial court abused its discretion in denying Zinger's request for appointed
counsel.

 Regarding Zinger's request for a bench warrant, we note that a prisoner has a
constitutional right to access the courts, but a prisoner has no absolute right to appear personally
at civil proceedings. Bounds v. Smith, 430 U.S. 817, 820 (1977); Nance v. Nance, 904 S.W.2d
890, 892 (Tex. App.--Corpus Christi 1995, no writ); Pruske v. Dempsey, 821 S.W.2d 687, 689
(Tex. App.--San Antonio 1991, no writ); Brewer v. Taylor, 737 S.W.2d 421, 423 (Tex.
App.--Dallas 1987, no writ). A trial court exercises its discretion in deciding whether to grant
an inmate's request for a bench warrant. Pedraza, 960 S.W.2d at 342; Brewer, 737 S.W.2d at 
423.

 In determining whether an inmate should attend court proceedings, the trial court
must strike a fundamentally fair balance between the State's interest in preserving the integrity of
the correctional system with the prisoner's interest in access to the courts. Pedraza, 960 S.W.2d
at 342; Brewer, 737 S.W.2d at 423-24. Factors to be considered in weighing these two interests
include: the cost and inconvenience of transporting the prisoner, the security risk presented by
the prisoner, the substance of the matter, the need for witnessing the prisoner's demeanor, whether
the prisoner can and will offer admissible, non-cumulative testimony which cannot be offered
effectively by deposition, telephone or otherwise, whether the trial is before a jury or judge, the
possibility of delaying trial until the prisoner is released, and the prisoner's probability of success
on the merits. Pedraza, 960 S.W.2d at 342; Brewer, 737 S.W.2d at 423-24.

 The record does not reflect a compelling reason to allow Zinger to personally attend
trial. Zinger is currently serving a life sentence in a state prison facility in Beaumont. Zinger
could have provided testimony by way of a sworn affidavit and could have produced evidence of
any separate property ownership without actually attending the divorce hearing. When dividing
property in a divorce, the trial court does not necessarily need to judge a party's demeanor or
credibility; therefore, Zinger's attendance at the divorce hearing was not essential. We hold that
Zinger has failed to show that the trial court abused its discretion in denying Zinger a bench
warrant to attend the divorce hearing. The first point of error is overruled.

 By his second point of error, Zinger contends that the trial court erroneously
awarded Lacey some of Zinger's separate property, particularly an inheritance sum, his tools and
his homestead. Although property possessed by either spouse during marriage is presumed to be
community property, this presumption may be rebutted by clear and convincing evidence tracing
the property and its mutations back to a spouse's separate estate. See Tex. Fam. Code Ann.
§ 3.003(a) (West 1998); Scott v. Scott, 805 S.W.2d 835, 837 (Tex. App.--Waco 1991, writ
denied).

 Zinger was required to support his claims of separate property by clear and
convincing evidence. Zinger did so only as to a 1982 mobile home which the trial court awarded
to him as his separate property. Zinger did not trace the inheritance sum and its mutations back
to his separate estate. Nor did Zinger provide clear and convincing evidence that the land upon
which the mobile home sits was his separate property. Because Zinger failed to rebut the
community property presumption as to these items, the trial court did not erroneously award Lacey
any of Zinger's separate property. Point of error two is overruled.

 By his third point of error, Zinger contends that the trial court abused its discretion
by granting an unequal division of community property. In a decree of divorce, the court must
order a division of the estate of the parties in a manner that the court deems just and right, having
due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001 (West 1998). The fact that
the community estate is not equally divided does not necessarily constitute an abuse of discretion. 
Zamora v. Zamora, 611 S.W.2d 660, 662 (Tex. Civ. App.--Corpus Christi 1980, no writ). We
conclude that the trial court did not abuse its discretion in dividing the community property. Point
of error three is overruled.

 By point of error four, Zinger contends that the trial court "abused its discretion
by not acknowledging appellant's separate homestead property." Zinger, however, raises issues
about the property that are outside of the clerk's and reporter's records. By point five, Zinger
contends that the trial court removed and withheld evidence. By point six, Zinger contends that
Lacey executed the A.D.R. statement accompanying her petition for divorce under false pretenses. 
These errors, if any, are not apparent on the face of the record and consequently are not within
the scope of review of a restricted appeal. See DSC Fin. Corp., 815 S.W.2d at 551 (the invalidity
of judgment must be disclosed by papers on file in case). Points four, five, and six are overruled.

 Finding no error apparent on the face of the record, we affirm the trial court's
divorce decree.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: March 18, 1999

Do Not Publish








* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   Presently, Zinger is serving a life sentence in a state prison facility in Beaumont for
aggravated sexual assault of a child. Zinger has been in prison since October 28, 1993.



e merits. Pedraza, 960 S.W.2d at 342; Brewer, 737 S.W.2d at 423-24.

 The record does not reflect a compelling reason to allow Zinger to personally attend
trial. Zinger is currently serving a life sentence in a state prison facility in Beaumont. Zinger
could have provided testimony by way of a sworn affidavit and could have produced evidence of
any separate property ownership without actually attending the divorce hearing. When dividing
property in a divorce, the trial court does not necessarily need to judge a party's demeanor or
credibility; therefore, Zinger's attendance at the divorce hearing was not essential. We hold that
Zinger has failed to show that the trial court abused its discretion in denying Zinger a bench
warrant to attend the divorce hearing. The first point of error is overruled.

 By his second point of error, Zinger contends that the trial court erroneously
awarded Lacey some of Zinger's separate property, particularly an inheritance sum, his tools and
his homestead. Although property possessed by either spouse during marriage is presumed to be
community property, this presumption may be rebutted by clear and convincing evidence tracing
the property and its mutations back to a spouse's separate estate. See Tex. Fam. Code Ann.
§ 3.003(a) (West 1998); Scott v. Scott, 805 S.W.2d 835, 837 (Tex. App.--Waco 1991, writ
denied).

 Zinger was required to support his claims of separate property by clear and
convincing evidence. Zinger did so only as to a 1982 mobile home which the trial court awarded
to him as his separate property. Zinger did not trace the inheritance sum and its mutations back
to his separate estate. Nor did Zinger provide clear and convincing evidence that the land upon
which the mobile home sits was his separate property. Because Zinger failed to rebut the
community property presumption as to these items, the trial court did not erroneously award Lacey
any of Zinger's separate property. Point of error two is overruled.

 By his third point of error, Zinger contends that the trial court abused its discretion
by granting an unequal division of community property. In a decree of divorce, the court must
order a division of the estate of the parties in a manner that the court deems just and right, having
due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001 (West 1998). The fact that
the community estate is not equally divided does not necessarily constitute an abuse of discretion. 
Zamora v. Zamora, 611 S.W.2d 660, 662 (Tex. Civ. App.--Corpus Christi 1980, no writ). We
conclude that the trial court did not abuse its discretion in dividing the community property. Point
of error three is overruled.

 By point of error four, Zinger contends that the trial court "abused its discretion
by not acknowledging appellant's separate homestead property." Zinger, however, raises