# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00126-CV

**Jacinto Benitez, Appellant**

**v.**

**Maria Melendez, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. FM003556, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING

Jacinto Benitez, an inmate, appeals *pro se* from a final decree of divorce and a custody and possession order that relates to his two children. Benitez contends that the district court violated his federal constitutional rights and abused its discretion when it denied his requests for appointment of counsel and a bench warrant. Additionally, Benitez contends that the district court was without subject-matter jurisdiction to render the divorce and a child custody and possession order. We will affirm the divorce decree and the child custody and possession order.

In 1996, Jacinto Benitez and Maria Melendez were married in Mexico. R.C.B. was born on February 13, 1997, in San Marcos and J.A.B. was born on January 19, 1998, in Austin. On May 31, 2000, Melendez filed a petition for divorce in which she, among other things, requested that the court appoint her sole managing conservator of the children and requested that the court deny Benitez any possession or visitation rights to the children. She also moved for a protective order. Benitez answered the petition and requested that the court appoint him an attorney to represent his

interests and issue a bench warrant so that he could personally appear at the divorce hearing. The district court denied both of Benitez's requests.

On November 16, 2000, at the hearing on her divorce petition, Melendez testified that Benitez emotionally and physically abused her and the children. Further she testified that in 1997, Benitez took R.C.B. to Mexico preventing Melendez from regular contact with the child for four months. According to Melendez's testimony, Benitez was arrested for car theft and illegal transportation, was convicted, and is currently serving a forty-year prison sentence. At the conclusion of the hearing the associate judge recommended that the district court deny Benitez's request for an attorney, deny his request for a bench warrant, grant the divorce, order that Melendez serve as sole managing conservator of the children, deny Benitz any possession or visitation rights, order Benitz to pay child support and issue a protective order. The district judge approved the recommendations of the associate judge and signed the final divorce decree and a protective order. Benitez appeals on procedural and jurisdictional grounds; he does not challenge the substantive provisions of the divorce decree or protective order.

**Discussion**

In his first issue, Benitez contends that the district court violated his federal constitutional rights under the Fifth, Sixth, and Fourteenth amendments by failing to appoint him an attorney and issue a bench warrant. *See* U.S. Const. amend. V, VI, XIV.

Nothing in the record reflects that Benitez presented these constitutional complaints to the trial court. To preserve a complaint for appellate review, a party must present a timely request, motion or objection, state the specific grounds, and obtain a ruling. *Wal-Mart Stores, Inc. v.*

2

*McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999). The rules of civil procedure apply equally to litigants with and without counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). This principle also extends to *pro se* inmates. *Hosey v. County of Victoria*, 832 S.W.2d 701, 705 (Tex. App.—Corpus Christi 1992, no writ). Other than his request for an attorney and his request for a bench warrant, appellant did not present any other contentions to the trial court for its consideration. Appellant did not articulate his requests, ask for a hearing, or object to a failure by the trial court to rule on any requests regarding violations of his federal constitutional rights. *See* Tex. R. App. P. 33.1(a).

Further, construing Benitez's complaint as a contention that he was denied his due process right to notice and opportunity to be heard, the record reflects that Melendez provided Benitez with notice fifty-nine days before the final divorce hearing. *See* Tex. R. Civ. P. 245 (requiring notice to opposing party at least forty-five days before trial). The record also reflects that Benitez filed a general denial and sought affirmative relief. Benitez's first issue is overruled.

In his second issue, Benitez contends that the district court erred in denying his request for appointed counsel. Benitez argues that the district court was required to appoint an attorney to represent his interests "in any suit seeking termination of parental rights."

A district judge has the power to appoint counsel for an indigent party in a civil case. Tex. Gov't Code Ann. § 24.016 (West 1988). Neither the Texas Legislature nor the Texas Supreme Court, however, has recognized a right to counsel in all civil cases. *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996); *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex. App.—Houston [1st Dist.] 1996, no writ). In "some exceptional cases, however, the public and

private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers*, 923 S.W.2d at 594; *Coleman*, 934 S.W.2d at 839.

Although Melendez requested that the court not appoint Benitez as conservator of the children or grant him any visitation rights, Melendez did not seek to terminate Benitez's parental rights. *See* Tex. Fam. Code Ann. § 107.013(a) (West Supp. 2001) (indigent party defending against a parental rights termination suit entitled to appointment of attorney). In fact, the court ordered Benitez to pay child support which he does not challenge. We hold that nothing in the record indicates that the district court abused its discretion in denying Benitez's request for appointed counsel. Benitez's second issue is overruled.

In his third issue, Benitez contends that the district court abused its discretion by denying his request for a bench warrant. A litigant cannot be denied access to the courts simply because he is an inmate. *Hudson v. Palmer*, 486 U.S. 517, 523 (1984); *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex. App.—Tyler 1989, orig. proceeding). The right of access to the courts, however, does not give an inmate an unconditional right to appear personally, particularly if the merits can be determined without his presence. *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no pet.); *Nance v. Nance*, 904 S.W.2d 890, 892 (Tex. App.—Corpus Christi 1995, no writ); *Brewer v. Taylor*, 737 S.W.2d 421, 424 (Tex. App.—Dallas 1987, no writ). Given that an inmate has only a qualified right to personally appear in court in a civil action, it follows that he must justify his personal appearance. *Pedraza*, 960 S.W.2d at 342; *Brewer*, 737 S.W.2d at 424. In determining whether an inmate should personally attend court proceedings,

4

the trial court must strike a fundamentally fair balance between the State's interest in preserving the integrity of the correctional system and the inmate's interest in access to the courts. *Pedraza*, 960 S.W.2d at 342; *Brewer*, 737 S.W.2d at 423-24. There are several factors to be considered by a trial court in determining if an inmate's request for a bench warrant should be granted. *Pedraza*, 960 S.W.2d at 342 (lists ten factors to consider regarding bench warrant request). The decision to bench warrant an inmate rests within the sound discretion of the trial court. *Nance*, 904 S.W.2d at 892.

There were no express findings of fact and conclusions of law filed to indicate how the district court assessed the factors relating to issuing a bench warrant and none were requested. Consequently, in determining whether the district court abused its discretion in denying a bench warrant, this court will indulge every presumption in favor of the judgment. *In re P.J.H.*, 25 S.W.3d 402, 405 (Tex. App.—Fort Worth 2000, no pet.). Further, in such a case, the district court is deemed to have made all findings and conclusions that were necessary. *Kimsey v. Kimsey*, 965 S.W.2d 690, 704 (Tex. App.—El Paso 1998, pet. denied).

Considering the relevant factors in light of the record, the district court did not abuse its discretion in denying Benitez a bench warrant. Benitez is incarcerated, serving a forty-year sentence. There is no dispute that even if Benitez had been granted possession or visitation rights, he would have been unable to exercise them as an incarcerated individual. We hold that Benitez failed to show that the district court abused its discretion in denying his request for a bench warrant. Benitez's third issue is overruled.

In his fourth issue, Benitez contends that the district court was without subject-matter jurisdiction to render a divorce and to make a child custody determination. In support of this

5

contention, Benitez attached to his appellant's brief a document titled "Affidavit of Appellant's Testimony." In the affidavit he stated that in 1997 a court in Mexico rendered an order appointing him sole managing conservator of the two children. He did not attach a copy of any order to his affidavit and neither the appellate record nor the district court's record contain a copy of any order issued by a Mexican court of law.

Affidavits outside the record may be considered by an appellate court only to determine the appellate court's jurisdiction and not to determine the trial court's jurisdiction. *See Sabine Offshore Serv. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 489, 501 (Tex. App.—Austin 1991, writ denied). Consequently, we will not consider appellant's affidavit attached to his appellant's brief.

In determining whether the district court had jurisdiction, the court looks to the allegations in the pleadings. *Brannon v. Pacific Employers Ins. Co.*, 224 S.W.2d 466, 469 (Tex. 1949); *Thomas v. Whaley*, 561 S.W.2d 526, 529 (Tex. Civ. App.—Texarkana 1977, writ ref'd n.r.e.). The record on its face must show that the district court lacked jurisdiction. *Smiley v. Johnson*, 763 S.W.2d 1, 4 (Tex. App.—Dallas 1988, writ denied).

Here, Melendez's petition affirmatively sets out that she "has been a domiciliary of Texas for the preceding six-month period and a resident of [Travis] county for the preceding ninety-day period." Additionally, the petition states that the children currently reside with Melendez. Also, the petition states that the "children of this marriage . . . are not under the continuing jurisdiction of any other court." Further, the petition states that "there are no court-ordered conservatorships, court-ordered guardianships, or other court-ordered relationships affecting the children." Further,

at the hearing, Melendez testified that she had resided in Texas for six months and had resided in Travis County for ninety days before filing her divorce petition.

The petition affirmatively sets out that the district court had subject-matter jurisdiction. There is nothing in the district court's record that would have indicated that it lacked jurisdiction to render a divorce decree or a child custody and possession order. Appellant's fourth issue is overruled.

## Conclusion

The decree of divorce and the child custody and possession order are affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   December 20, 2001

Do Not Publish