Affirmed and Memorandum Opinion filed May 15, 2008








Affirmed and Memorandum Opinion filed May 15, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00391-CV

_______________

 

CURTIS LEE BAUGH, Appellant

 

V.

 

BERTHA L. BAUGH, Appellee

                                                                                                                                               


On Appeal from the 312th District Court

Harris County, Texas

Trial Court Cause No. 2006-38159

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

Curtis Lee Baugh appeals a judgment
in favor of Bertha L. Baugh, appellant=s former spouse.  In Curtis Lee Baugh=s pro se appeal, he challenges the
trial court=s final judgment on grounds the trial court erred by (1) not granting him
a bench warrant while he was incarcerated so he could be present at the divorce
proceedings and contest the proposed division of the marital estate; (2)
failing to appoint counsel to represent appellant in the divorce proceedings;
and (3) refusing to consider if he had adequate means of being heard, apart
from being physically present at the divorce trial, to safeguard his property
rights.  We affirm.








            Background

Bertha L. Baugh and Curtis Lee Baugh
were married on October 14, 1974.  In November 2001, Curtis began serving an
eight-year prison sentence and the Baughs ceased to live together as husband
and wife. 

On June 22, 2006, Bertha filed for a
divorce from Curtis.  At the time, he was incarcerated in the Clarence
Stevenson Unit of the Texas Department of Criminal Justice in Cuero, Texas, as
a result of a conviction for a felony offense.  The Baughs had no children
under the age of 18 at the time Bertha filed for divorce.

Bertha=s Original Petition for Divorce asks
that Curtis be granted certain items of furniture, Aall tools in the garage,@ and the AMercury Cougar and Chevrolet Impala
motor vehicles.@  Bertha requested the remaining furniture, a Ford F 150 
pickup truck and a Toyota Corolla, and the marital residence located at 5510
Edgebrook Forest Drive, Houston, Texas. 

On July 31, 2006, Curtis filed an
Original Answer and Motion for Issuance of Bench Warrant.  Curtis requested Athat an Order be issued directing the
Sheriff of Harris County, Texas, to cause Respondent, Curtis Baugh,
TDCJ#1078057 an inmate at the Clarence Stevenson Unit of the Texas Department
of Criminal Justice in Cuero, Texas, to be brought before this Honorable Court
at such time of the trial or any hearing in the aforementioned proceedings.@  Filed with this motion were a
requested order; a Declaration of Inability to Pay Costs; and an Unsworn
Declaration of Respondent=s Testimony.  The unsworn declaration stated Curtis= opposition to the divorce and asked
the court to order counseling; if the trial court granted the divorce, Curtis
asked the trial court to Agrant respondent joint managing conservatorship.@








On October 6, 2006, Bertha filed a
Motion for Expedited Trial Setting asserting that Curtis would not be present
at the hearing; that the Abasis of [Curtis=] contest is frivolous;@ and that the Adisposition of the matter will take
place on a default basis and consume less than 30 minutes of court time
addressing only the division of property.@  The trial court granted the motion
for expedited trial at a hearing held on October 13, 2006, setting the matter
for trial on December 11, 2006, at 1:30 p.m.  Curtis received notice of the
trial setting on October 19, 2006.  

Curtis filed a motion on November 29,
2006, in which he requested additional time for discovery from Bertha to
ascertain the value of the marital estate seek his just division of the
assets.  The motion states, AMovant (Respondent) submits, that at the present time he (and
the Court) does not have the information necessary for an informed judgment
regarding the division of the parties= estate.@   Curtis also disputed Bertha=s contention that he would not be
present at the trial on December 11, 2006, at 1:30 p.m., pending the grant of a
bench warrant. The trial court did not expressly rule on the motion for a bench
warrant and did not grant additional time to conduct discovery or prepare for
trial.

Curtis did not appear for the trial
on December 11, 2006 due to his incarceration.  The trial court took judicial
note of this absence and stated that Curtis Ahas not contacted this Court in any
manner regarding this trial on this date.@  The trial court then granted the
divorce and accepted Bertha=s proposed division of the marital estate.  Curtis appealed,
challenging the division of property.  Curtis contends the trial court=s judgment constitutes a denial of
due process under the United States Constitution and due process of law under
the Texas Constitution.  

Analysis       








We first address preservation of
arguments for appeal.  To present a complaint for appellate review, the record
must reflect that the trial court Aruled on the request, objection, or
motion, either expressly or implicitly; or . . . refused to rule . . . and the
complaining party objected to the refusal.@  Tex. R. App. P. 33.1(a)(2)(A),(B). 
In this case, Curtis expressly requested issuance of a bench warrant in the
trial court.  The trial court proceeded to trial without ruling expressly on
the request for a bench warrant.  Consistent with Rule 33.1(a)(2), the Texas
Supreme Court has recognized that an implicit ruling is sufficient to present
an issue for appellate review.  See In re Z.L.T., 124 S.W.3d 163, 165
(Tex. 2003).  By proceeding to trial on the divorce without his presence, the
trial court implicitly denied Curtis= request for a bench warrant.  The
failure to grant Curtis= request for a bench warrant is therefore preserved for
appeal.

Curtis also refers, without
explanation, to violations of article 1, sections 10 and 29 of the Texas
Constitutions.  These challenges are waived on appeal for failure to present
them to the trial court.[1] 








In the trial court, Curtis did not
request appointment of an attorney or  request that he be allowed to utilize
other means to present evidence at trial.[2] 
In his original answer, Curtis requests only a bench warrant so he may be
present to Atestify in his own behalf and assist counsel in the presentation of
evidence, cross examination of witnesses, and defense of this suit.@ Curtis= only other communication with the
trial court was a Amotion to produce disclosure statement regarding financial
affairs and value of community property.@  In this motion, Curtis reiterated
his desire to attend trial in person and to postpone the trial setting; on
appeal, Curtis does not contend that the trial court abused its discretion in
denying the motion for continuance, nor does he contend on a appeal that the
trial court abused its discretion in denying his motion for continuance.  At no
time did Curtis request appointment of counsel or permission to participate at
trial through means other than attendance in person via a bench warrant. 
Therefore, Curtis= appellate complaints regarding appointment of counsel and
alternative means of participation at trial are not preserved for appeal.  See
Britton v. Aimco Sandalwood L.P., No. 14-04-00985-CV, 2005 WL 3359711, at *
2 (Tex. App.CHouston [14th Dist.] Dec. 6, 2005, pet. denied), cert. denied, 127
S.Ct. 1300 (2007) (where no motion seeking alternate means of appearance was
presented to the trial court, no issue for appeal was preserved); see also
In re Z.L.T., 124 S.W.3d at 166 (trial courts have no independent
obligation to inquire beyond the scope of inmate=s request for relief); Graves v.
Atkins, No. 01-04-00423, 2006 WL 3751612, at * 3 (Tex. App.CHouston [1st Dist.] Dec. 21, 2006, no
pet.) (ATo be entitled to appear in person or
through video communications technology . . . the burden rests squarely on the
prisoner-inmate to request access to the court through these alternate means
and to demonstrate why a trial court should authorize them@) (citing  In re Z.L.T., 124
S.W.3d at 166).  

We now turn to the merits of Curtis= contention that he was entitled to
issuance of a bench warrant.  An individual cannot be barred access to the
courts simply because that individual is an inmate. Hudson v. Palmer,
468 U.S. 517, 523 (1984);  In re Z.L.T., 124 S.W.3d 163, 165 (Tex.
2003).  However, the right meaningfully to be heard does not necessarily 
mandate that the prisoner be allowed to appear at trial in person.  See In
re Z.L.T., 124 S.W.3d at 165; Armstrong v. Randle, 881 S.W.2d 53,
56-57 (Tex. App.CTexarkana 1994, writ denied).  The inmate does not have an
absolute right to present his case in a civil matter if the merits can be
determined without his presence.  See Zuniga v. Zuniga, 13 S.W.3d 798,
801 (Tex. AppCSan Antonio 1999, no pet.); Birdo v. Holbrook, 775 S.W.2d 411, 414
(Tex. App.CFort Worth 1989, writ denied).








The decision to grant a bench warrant
rests in the trial court=s sound discretion.  See Thomas v. Bilby, 40 S.W.3d
166, 169 (Tex. App.CTexarkana 2001, no pet.); Brewer v. Taylor, 737 S.W.2d
421 (Tex. App.CDallas  1987, no writ).  The trial court is not required, on its own
initiative, to determine whether an inmate=s presence is required at trial.  See
In re Z.L.T., 124 S.W.3d at 165-66.  The inmate seeking a bench warrant
bears the burden to justify his presence at trial.  Id.  The trial court
can consider such factors as (1) the cost and inconvenience of transporting the
prisoner to court; (2) the security risk and potential danger of allowing the
prisoner to attend open court; (3) whether the prisoner=s claims are substantial; (4) whether
a determination of the matter can reasonably be delayed until the prisoner is
released from incarceration; (5) whether the prisoner can and will offer
admissible, noncumulative testimony which could not be offered effectively by
deposition, telephone, or otherwise; (6) whether the prisoner=s presence is important in judging
his demeanor and credibility compared with that of other witnesses; (7) whether
the trial is to the court or to a jury; and (8) the prisoner=s probability of success on the
merits.  See id. at 166.

Curtis was required to do more than
request a bench warrant.  He had to identify specific information establishing
(1) the necessity of his appearance at trial; and (2) why the need for his
presence outweighed the impact on the correctional system of bringing him to
trial.  Id.  The trial court has no duty to go beyond information
provided in the motion for a bench warrant and independently inquire into the
necessity of the inmate=s appearance at trial.  Id.

Curtis= motion for a bench warrant did not
explain his need to appear or explain why the need for his presence outweighed
the burden on the correctional system of bringing him to trial.  The initial
bench warrant request notified the trial court that Curtis was incarcerated in
the Clarence Stevenson Unit of the Texas Department of Criminal Justice in Cuero,
Texas, as a result of a felony conviction.  He asserted: AThis suit cannot be fairly made
without Respondent being at the hearing to testify in his own behalf and to
assist counsel in the presentation of evidence, cross examine witnesses, and
defense of this suit.@  In his unsworn declaration, Curtis asked the trial court to
order counseling instead of granting a divorce.[3]








Later, in response to the October 6,
2006 motion for an expedited trial setting, Curtis requested discovery as to
the value of the marital estate and stated he did not have this information to
bring to the trial court: AMovant (Respondent) submits, that at the present time he (and
the Court) does not have the information necessary for an informed judgment
regarding the division of the parties= estate.  In particular, because the
Movant is incarcerated . . . [h]e does not have any access to the financial
records of the estate.@[4]  As with his motion for a bench warrant, the
discovery motion did not inform the court why his presence at trial would
supply information the court otherwise would not have had.

 In short, on the only issue
preserved and raised on appeal C his request for a bench warrant C Curtis did not meet his burden.  His
stated intention was to oppose the granting of the divorce and request
counseling.  His motion conveyed this information without his physical presence
in court.  He expressed his desire to attend the trial but did not identify
specific information he could provide to the trial court. Likewise, he failed
to demonstrate how the importance of the information he sought or his presence
in court outweighed the impact on the correctional system of complying with the
bench warrant.  See In re Z.L.T., 124 S.W.3d at 166; see also In re
K.M.H., 181 S.W.3d 1, 13 (Tex. App.CHouston [14th Dist.] 2005, no pet.)
(appellant must detail the substance of his testimony and how it would have
affected the trial court=s decision).  Under these circumstances, the trial court
acted within its discretion in denying the bench warrant.

Accordingly, the trial court=s judgment is affirmed. 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed May 15, 2008.

Panel consists of Chief Justice
Hedges, and Justices Fowler and Boyce.









[1]           Curtis=
challenges to denial of his bench warrant, as both a violation of due process
under the U.S. Constitution and a violation of due process of law under the
Texas Constitution, also were not presented to the trial court.  See U.S.
Const. amends. V, XVI; Tex. Const. art. I, '19.
When a party fails to present an argument for consideration to the trial court,
that argument is not preserved for appeal. Tex. R. App. P. 33.1(a).  This
principle applies to constitutional arguments.  City of San Antonio v.
Schautteet, 706 S.W.2d 103, 104 (Tex. 1986); see also Sw. Elec. Power
Co. v. Grant, 73 S.W.3d 211, 222 (Tex. 2002).





[2]           Even had Curtis preserved for appeal his request
for appointment of counsel, appointment is not required for civil litigation.  See
U.S. Const. amend. VI; Lewis v. Sullivan, 279 F.3d 526, 529 (7th
Cir. 2002); Pruske v. Dempsey, 821 S.W.2d 687, 688 (Tex. App.CSan Antonio 1991, no writ).





[3]           Curtis also petitioned the court, in the
event that it granted the divorce, to appoint him as joint managing
conservator.  However, there are no minor children of this marriage.





[4]           Curtis does not attack the ruling on the
request for discovery.