**Anthony Deshaun JOHNSON,
Appellant,**

v.

**ONCOR ELECTRIC DELIVERY COMPANY LLC f/k/a TXU Energy Delivery Company and James Henry, Appellees.**

**No. 05–08–00860–CV.**

Court of Appeals of Texas,
Dallas.

July 17, 2009.

———

Anthony D. Johnson, Iowa Park, TX, pro se.

Melanie Kemp Okon, John C. Stewart, Dallas, TX, for Appellees.

Before Justices WRIGHT, BRIDGES, and FRANCIS.

**OPINION**

Opinion By Justice FRANCIS.

Anthony Deshaun Johnson appeals the trial court's take-nothing judgment on his claims against Oncor Electric Delivery Co. LLC f/k/a TXU Electric Delivery Co. and Oncor employee James Henry. In a single issue, appellant contends the trial court abused its discretion by dismissing his lawsuit when he failed to appear for trial. We affirm.

Evidence shows that Henry was sitting in his Oncor vehicle while on a service call when appellant approached the driver's side door and pointed a gun at him. The vehicle was in reverse, and Henry stepped on the accelerator. As he was backing up, Henry heard the sound of a gunshot. Henry told the police appellant may have been pulled under his truck, but that as he was driving away, he saw appellant get up and run from the location. Appellant ran to a nearby convenience store, where he pointed the gun at the store clerk and demanded money. Appellant was arrested the same day and ultimately pleaded guilty to aggravated robbery of the store clerk and aggravated assault of Henry. While in prison, he filed this lawsuit claiming he was injured when he approached the Oncor truck from behind to render aid and Henry backed over him.[1] Oncor filed an answer generally denying appellant's allegations and raising affirmative defenses.

The case was set for a nonjury trial on June 5, 2008. On April 8, the trial court sent the parties a letter in which it denied appellant's motion for a bench warrant and instead allowed appellant to file, within twenty days of trial, "all properly admissible evidence by affidavit" and gave appellees time to respond. Appellant filed several documents, including the police report, as well as a motion for judgment as a matter of law.

On the day of the trial, the trial court called the case and stated it had reviewed "all of the contents of the file." Oncor noted the April 8 letter and then moved for judgment on the basis that appellant had failed to meet his burden of proof. The trial court stated it had considered all allegations and "all of the statements made by [appellant], whether in proper affidavit form or not, and finds that they are not meritorious." The trial court then rendered a take-nothing judgment.

In his sole issue on appeal, appellant contends the trial court dismissed his lawsuit because he failed to appear at trial. After reviewing the court reporter's record and the judgment in this cause, we conclude appellant's assertion is contrary to the record and without merit. Further, to the extent appellant's issue can be read to complain that he was denied access to the courts because his motion for a bench warrant was denied, we likewise reject such a complaint.

■ A prison inmate's right to access to the courts does not entail the right to appear personally. *Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex.App.-Dallas 1987, no writ). There are several factors a trial court may consider when determining whether an inmate should attend court proceedings. *Id.* Additionally, the prisoner must show why his personal appearance is justified. *Id.* at 424. Here, appellant's motion for bench warrant contains no basis or argument for granting it. Moreover, appellant, once notified of the trial court's decision to proceed by affidavit did not object and, in fact, filed various documents as evidence for the trial court to consider and also filed a motion for judgment as a matter of law. Under these circumstances, we cannot say appellant has been denied access to the courts. We overrule appellant's sole issue.

We affirm the trial court's judgment.

---

1. Appellant sued Henry, but Henry did not appear at trial nor does it appear that he was represented by Oncor's counsel. Nevertheless, the trial court's judgment disposed of the claims against Henry and is final. *See North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex.1966).