

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00097-CV

LUKE ADAM STANTON, SR.        APPELLANT

V.

KIMBERLY FAYE STANTON        APPELLEE

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2011-71033-431

----------

## MEMORANDUM OPINION[1]

Appellant, Luke Adam Stanton, Sr., pro se here and below, appeals from the final decree of divorce granted to Appellee, Kimberly Faye Stanton, pro se on appeal. Appellant, incarcerated during the entire pendency of these divorce proceedings, contends in three issues that the trial court abused its discretion by (1) imposing sanctions against Appellant without due process, (2) divesting

---

[1]See Tex. R. App. P. 47.4.

Appellant of his separate property, and (3) granting a default final judgment of divorce. We affirm the trial court's judgment.

## FACTS

Appellant and Appellee were married in July 2001. After nearly ten years of marriage, very soon after Appellant's arrest and incarceration for multiple charges of indecency with and sexual assault of a child, Appellee filed for divorce on September 13, 2011. On September 22, 2011, Appellant filed his own answer, a well-crafted general denial, request for jury trial, and request for a hearing to challenge the temporary restraining order in place regarding the children and the conduct and the property of the parties. He then filed a second, nearly identical original answer, jury demand, and request for a hearing to challenge the temporary restraining order on November 10, 2011. Then, on December 16, 2011, allegedly the day after being noticed of a setting for the final trial on the divorce, he filed a separate lawsuit against Appellee in the 362nd District Court of Denton County generally alleging theft and conversion of his separate property by Appellee. This lawsuit was ultimately, on Appellee's motion, consolidated with Appellee's divorce suit.

Although not found in the record, it appears Appellant also filed a Motion to Extend Time for Discovery along with supporting affidavits on about January 11, 2012. In response, in February 2012, Appellee filed a Motion for Sanctions for frivolous and bad faith filings under Rule 13 of the Texas Rules of Civil

2

Procedure. The trial court heard the sanctions motion on February 24, 2012 and awarded Appellee attorney's fees of $1,000.00.

Appellant was given written notice of a final trial setting for January 25, 2013, on about December 17, 2012. He was then still in the Denton County Jail. On January 17, 2013, his Motion for Continuance was filed with the trial court, and the trial court denied it on the following day. The trial court then had its court administrator hand deliver a copy of the order denying Appellant's continuance to the jail, but the administrator was later informed that Appellant had been transferred to the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) the day before.

On the eve of the trial setting, January 24, 2013, Appellant's "Respondents' Affidavit of Property" was filed with the court, and on January 25, 2013, the trial court held a bench trial without Appellant present and rendered the final decree of divorce on February 14, 2013.

## DISCUSSION

The essential contention in each of Appellant's issues is that the trial court abused its discretion by failing to provide him an opportunity to contest the proceedings as a consequence of his incarceration.

While a party may not be denied access to the courts merely because he or she is incarcerated, it is well established that there is no absolute right for an inmate to appear personally in court in a civil case. *In re Z.L.T.*, 124 S.W.3d 163, 165–66 (Tex. 2003); *Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex. App.—

3

Texarkana 1994, writ denied); *see Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ). In considering an inmate's right to appear, courts generally employ a balancing test, weighing the preservation of the correctional system's integrity against the prisoner's right of access, with a goal of achieving a balance that is fundamentally fair. *Armstrong*, 881 S.W.2d at 57; *Brewer*, 737 S.W.2d at 423–24. The standard of review of a trial court's denial of such access is an abuse of discretion standard. *Armstrong*, 881 S.W.2d at 57; *Brewer*, 737 S.W.2d at 424.

Among the balancing factors considered are (1) the cost and convenience of bringing the inmate to court; (2) the security risk and danger of allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can be more reasonably delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits. *Z.L.T.*, 124 S.W.3d at 165–66; *Brewer*, 737 S.W.2d at 423.

Only when an inmate has been effectively barred from presenting his case has an appeals court been willing to find error in the denial of an inmate's request to personally appear. *See Armstrong*, 881 S.W.2d at 57*; Pruske v. Dempsey*,

4

821 S.W.2d 687, 688–89 (Tex. App.—San Antonio 1991, no writ), *disapproved of on other grounds by Z.L.T.*, 124 S.W.3d at 166; *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex. App.—Tyler 1989, no writ), *disapproved of on other grounds by Z.L.T.*, 124 S.W.3d at 166.

While Appellant's incarceration clearly restricted his personal appearance at both the sanctions hearing and the final trial, it is equally clear that he failed to make any effort to secure the assistance of the trial court to effect his presence, even while filing numerous, contentious, but generally well-crafted pro se motions and filings. We also note that until his transfer to TDCJ-ID on January 17, 2013, he was continuously incarcerated at the local Denton County Jail from before the filing of the divorce petition until the day his January 17, 2013 Motion for Continuance was filed with the district clerk. Not surprisingly, Appellant can nowhere direct us to any place in the record where he ever requested a bench warrant or the like to participate in either the sanctions hearing or the final trial. *See In re M.M.*, 980 S.W.2d 699, 701–02 (Tex. App.—San Antonio 1998, no pet.); *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex. App.—Corpus Christi 1997, no pet.).

The closest he does come, at least for the final divorce trial, is his Motion for Continuance, filed with the District Clerk the day he was transferred from the Denton County Jail to TDCJ-ID. Yet that pales in significance to his pleading that he signed at the TDCJ-ID Gurney Unit in Palestine, Texas, on January 18, 2013—the same day his motion for continuance was denied and which was filed

5

with the trial court on January 24, 2013—entitled "Respondent's Affidavit of Property." This pleading was not a request for a bench warrant or the like, but it practically and substantively negates any notion that Appellant was barred from presenting his case or otherwise denied his due process.

As this court has noted, a prisoner's right of access to the courts is not so much his personal presence as it is the ability to present evidence. *In re D.D.J.,* 136 S.W.3d 305, 314 (Tex. App.—Fort Worth 2004, no pet.). Indeed, Appellant's filing of his "Respondent's Affidavit of Property" is tantamount to an application to proceed by affidavit. *See Sweed v. City of El Paso*, 139 S.W.3d 450, 452 (Tex. App.—El Paso 2004, no pet.).

Appellant did not complain to the trial court that he was not provided notice of the sanctions hearing nor did he complain of the sanctions imposed and ask the trial court to reconsider its actions in imposing the sanctions. Thus, Appellant failed to preserve these complaints for our review. *See* Tex. R. App. P. 33.1(a)(1); *Low v. Henry*, 221 S.W.3d 609, 618 (Tex. 2007); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 450 (Tex. App.—Austin 2004, pet. denied). Even if Appellant had preserved these complaints, we can find no merit in Appellant's contention that he was denied notice or presence at the motion for sanctions hearing and hold that the trial did not abuse its discretion by finding Appellant in violation of Rule 13 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 13; *Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 135 (Tex. App.— Texarkana 2000, no pet.) (stating that the imposition of rule 13 sanctions is within

6

the trial court's discretion and will be set aside on appeal only upon a showing of a clear abuse of discretion). Nor is there any evidence that the trial court in any manner barred him from participating in the final hearing. Indeed, Appellant presented evidence of the only matter that he contested—his separate property. Appellant's issues one and three are overruled.

In issue two, Appellant broadly asserts that the trial court divested him of his separate property. It is well established that the trial court may not divest a party of his or her separate property. *Cameron v. Cameron*, 641 S.W.2d 210, 219 (Tex. 1982). But it is also well established that property possessed by either spouse during or at the dissolution of the marriage is presumed to be community property, which presumption may be rebutted by clear and convincing evidence. Tex. Fam. Code Ann. § 3.003 (West 2006); *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex. 1975). If a party shows that property was purchased in part with that party's separate funds and in part with community funds, the property is held in a tenancy in common between the party and the community estate. *Cockerham*, 527 S.W.2d at 168–69. Similarly, if the property is shown to have been purchased with the separate funds of each spouse, the spouses hold the property as tenants in common. *Estapa v. Saldana*, 218 S.W.2d 222, 224 (Tex. Civ. App.—San Antonio 1948, writ ref'd n.r.e.).

The Stantons were married for very close to ten years. When we compare Appellant's "Affidavit of Property," noted above, to the trial testimony of Appellee and to her trial Exhibits A and B, entered into the record, and the natural

7

accumulation of personal property during marriage, we can find no real merit or substance for Appellant's contention. There was sufficient evidence in the record to establish that several specific items of alleged separate personal property of Appellant that were ordered to remain in the marital residence had a value of $500.00, which amount was credited to the fees and costs awarded to Appellee. And there was a long list of separate personal property alleged by Appellant that is substantially in accord with evidence presented by Appellee, and which was, in fact, awarded to Appellant as his separate property in the final decree of divorce.

Appellant has simply and wholly failed to establish from the evidence in the record that the trial court in any way abused it discretion. We overrule Appellant's second issue.

We affirm the judgment of the trial court.

/s/ David Wellington Chew
DAVID WELLINGTON CHEW
JUSTICE

PANEL:   LIVINGSTON, C.J.; DAUPHINOT, J.; and DAVID WELLINGTON CHEW (Senior Justice, Retired, Sitting by Assignment).

DELIVERED:  October 16, 2014