Dan THOMAS, Appellant,

v.

Linda Knight BILBY, et al., Appellees.

No. 06–00–00113–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 29, 2001.

Decided Feb. 21, 2001.

Rehearing Overruled March 13, 2001.

Dan Thomas, Livingston, Pro Se.

Curt H. Schwake, Shannon G. Gibson, Office of the Attorney General, Assistant Attorneys General, Austin, for appellees.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Dan Thomas appeals the dismissal of his suit against Linda Knight Bilby, Mettie Faye Degetaire, and Jettie A. Jernigan (collectively, Appellees). Thomas, an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ), filed his suit pro se and in forma pauperis, alleging that Appellees, who are TDCJ employees, violated his rights under 42 U.S.C.A. § 1983 (West Supp.2000) and various provisions of Texas law by interfering with his mail. Appellees filed an answer and later filed a motion to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. The trial court scheduled a hearing for March 29, 2000, though a reporter's record from that hearing is not before this Court. In an order dated March 29, 2000, the trial court granted Appellees' motion to dismiss.

Thomas raises three issues on appeal: (1) whether the trial court abused its discretion in not providing a way for him to participate in the March 29, 2000, hearing; (2) whether Tex.Civ.Prac. & Rem.Code Ann. § 14.004(a), (b) (Vernon Supp.2001) violates the United States and Texas Constitutions; and (3) whether the trial court abused its discretion by changing cause numbers in his suit without notice to him.

A trial court may dismiss a suit filed by an indigent inmate either before or after service of process if the court finds that the claim is frivolous or malicious. Tex. Civ.Prac. & Rem.Code Ann. § 14.003(a)(2) (Vernon Supp.2001). An inmate who files an affidavit or unsworn declaration of inability to pay costs must file a separate affidavit or unsworn declaration identifying every pro se suit (except suits filed under the Texas Family Code) he has previously filed and a description of each suit. Tex.Civ.Prac. & Rem.Code Ann. § 14.004(a). If the affidavit or unsworn declaration states that a previous suit was dismissed as frivolous or malicious, then the affidavit or unsworn declaration must also provide the date of the final order affirming the dismissal. Tex.Civ.Prac. & Rem.Code Ann. § 14.004(b).

Section 14.004's purpose is to assist the trial court in determining whether a suit is malicious or frivolous under Section 14.003(a). *Hickson v. Moya,* 926 S.W.2d 397, 399 (Tex.App.—Waco 1996, no writ). Therefore, a trial court may dismiss a suit under Section 14.003(a) without notice when an inmate fails to file the affidavit required under Section 14.004. *Id.* The record reflects that Thomas did not file the affidavit required under Section 14.004.

In his first issue on appeal, Thomas contends the trial court abused its discretion in not allowing him to attend the hearing on Appellees' motion to dismiss. Initially, we note that under Section 14.003(c) the trial court is not required to hold a hearing before dismissing a suit under Section 14.003(a). Tex.Civ.Prac. & Rem.Code Ann. § 14.003(c) (Vernon Supp. 2001).

Thomas also does not point us to any place in the record where he requested a bench warrant. *See In re M.M.,* 980 S.W.2d 699, 701–02 (Tex.App.—San Anto-

nio 1998, no pet.); *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex.App.—Corpus Christi 1997, no pet.) (where there is no record that the trial court ruled on a motion for bench warrant, there was no abuse of discretion in refusing to grant writ of habeas corpus on that issue); *Conely v. Peck*, 929 S.W.2d 630, 633 (Tex.App.—Austin 1996, no writ) (where the record contains no motion for bench warrant and no record of court's ruling on such motion, court presumes the record supports the judgment). He did attach to his brief a copy of a motion for a bench warrant, which he asserts he sent to the trial court; however, attachments to the brief are not a part of the appellate record. *Randle v. Wilson*, 26 S.W.3d 513, 515 n. 1 (Tex.App.—Amarillo 2000, no pet.).

██ Even assuming the trial court received Thomas' motion for a bench warrant, there was no abuse of discretion in not allowing him to appear at the hearing. Though a party may not be denied access to the courts merely because he is an inmate, there is no absolute right for an inmate to appear in court in a civil case. *Armstrong v. Randle*, 881 S.W.2d 53, 56 (Tex.App.—Texarkana 1994, writ denied); *see also Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ). In considering an inmate's right to appear, courts generally follow a balancing approach, weighing the preservation of the correctional system's integrity against the prisoner's right of access, with a goal of achieving a balance that is fundamentally fair. *Armstrong*, 881 S.W.2d at 56; *Brewer*, 737 S.W.2d at 423. Review is under an abuse of discretion standard. *Armstrong*, 881 S.W.2d at 56; *Brewer*, 737 S.W.2d at 423.

Courts consider a number of factors in determining this balance, including:

(1) the cost and inconvenience of transporting the inmate to court;

(2) the security risk and danger to the court and the public by allowing the inmate to attend court;

(3) whether the inmate's claims are substantial;

(4) whether a determination of the matter can reasonably be delayed until the inmate is released;

(5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise;

(6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses;

(7) whether the trial is to the court or to a jury; and

(8) the inmate's probability of success on the merits.

*Armstrong*, 881 S.W.2d at 56; *Brewer*, 737 S.W.2d at 423.

Only when an inmate has been effectively barred from presenting his case has an appeals court been willing to find error in the denial of an inmate's request to personally appear. *See Pruske v. Dempsey*, 821 S.W.2d 687, 688–89 (Tex.App.—San Antonio 1991, no writ); *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex.App.—Tyler 1989, no writ). In the present case, Appellees' motion to dismiss raised the issue that Thomas failed to file the affidavit required under Section 14.004. That issue was wholly determinable from the record. Therefore, Thomas did not need to appear at the hearing to effectively present his case.

Nevertheless, Thomas contends the trial court should have allowed him to proceed in some other manner, such as by affidavit, deposition, telephone, or otherwise. He cites *Birdo v. Holbrook*, 775 S.W.2d 411, 414 (Tex.App.—Fort Worth 1989, writ denied), in which the court of appeals found

no abuse of discretion in the trial court's refusal to allow the inmate to appear personally because, in that case, the trial court allowed the inmate to proceed by affidavit. *Id.*

He also cites *Byrd v. Attorney Gen. of Texas,* 877 S.W.2d 566, 569 (Tex.App.— Beaumont 1994, no writ), in which the court of appeals stated, "Should the [trial] court find that the pro se plaintiff inmate in a civil action is not entitled to leave prison to appear personally in court, then the prisoner should be allowed to proceed by affidavit, deposition, telephone, or other effective means." In that case, the court reversed the dismissal of the inmate's suit because the trial court effectively denied the inmate any opportunity to present evidence "in a proceeding where his testimony was material to the central fact at issue." *Id.*

In the present case, there was no abuse of discretion because Thomas could have filed the affidavit required under Section 14.004 and avoided dismissal. His presence at the hearing, either in person or otherwise, was unnecessary because the only issue was whether he had complied with the statute. We overrule his first issue on appeal.

In his second issue on appeal, Thomas contends that Section 14.004(a), (b) is unconstitutional in that (1) it violates his right to equal protection under the law as guaranteed by the United States and Texas Constitutions, *see* U.S. Const. amend XIV; Tex. Const. art. I, §§ 3, 3a; and (2) it violates the special laws provision of the Texas Constitution. *See* Tex. Const. art. III, § 56. Thomas preserved these issues in his timely-filed motion for new trial.

■■■ The issue of whether Section 14.004(a), (b) violates an inmate's right to equal protection does not appear to have been addressed by a Texas state court.

Both the state and federal equal protection guarantees require a similar multi-tiered analysis. Where the classification does not impinge on a fundamental right, or distinguish between persons on a suspect basis such as race or national origin, it is valid as long as it is rationally related to a legitimate state purpose. *Ford Motor Co. v. Sheldon,* 22 S.W.3d 444, 451 (Tex.2000). Neither inmates nor indigents constitute a suspect class. *Carson v. Johnson,* 112 F.3d 818, 821–22 (5th Cir. 1997).

In *Hicks v. Brysch,* 989 F.Supp. 797, 822 (W.D.Tex.1997), the federal court was confronted with a similar argument regarding Chapter 14 of the Texas Civil Practice and Remedies Code. The court found Chapter 14 in general, and Section 14.004 in particular, to be rationally related to a legitimate state purpose. *Id.* In so holding, the court stated,

> Deterring the filing of frivolous and malicious lawsuits, and thereby preserving scarce judicial resources is a legitimate state interest. The provisions of Section 14.004 ... are clearly intended to furnish state courts with the information they need to ascertain whether the claims a prisoner seeks to assert in the state courts have already been litigated on the merits or determined to be frivolous or malicious.

*Id.* at 823.

We agree with the reasoning of the federal court. Indeed, Thomas is the veritable poster child for the rational basis of Section 14.004. There are sixteen published opinions in which an inmate named Dan Thomas appears as the appellant. By his own admission in a previous case, Thomas has filed over 175 lawsuits. *Thomas v. Bush,* 23 S.W.3d 215, 218 (Tex.App.— Beaumont 2000, no pet.). In his brief before this Court, Thomas states that his litigation history dates from 1977. With so

much litigation, the trial court was entitled to determine from an affidavit filed under Section 14.004 whether Thomas' suit was related to a previous suit that may have been dismissed as frivolous.

Thomas cites *Ayers v. Norris,* 43 F.Supp.2d 1039, 1051 (E.D.Ark.1999), in which an Arkansas federal district court found 28 U.S.C.A. § 1915(g) unconstitutional as applied to the inmate. Except in certain circumstances, Section 1915(g) prevents an inmate from bringing an action in federal court if the inmate, while incarcerated or detained in any facility, has brought three or more actions in federal court that were dismissed as frivolous, malicious, or as failing to state a claim on which relief may be granted. 28 U.S.C.A. § 1915(g) (West Supp.2000).

In his cause of action, the inmate sought access to certain documents used in determining his eligibility for parole. *Ayers,* 43 F.Supp.2d at 1042. The court held that the inmate's suit implicated a liberty interest that is entitled to procedural due process protection. *Id.* at 1048. As such, the inmate's suit sought to vindicate a fundamental right, thus triggering strict scrutiny analysis. *Id.* The court found that the law was not narrowly tailored to serve a compelling government interest. *Id.* at 1051.

*Ayers* is distinguishable from the present case. First, Thomas has not shown how his suit implicates a fundamental right. Second, unlike Section 1915(g), Section 14.004 does not act as a complete bar to an inmate's in forma pauperis cause of action. Section 14.004 requires only that the inmate submit a filing describing the previous pro se suits the inmate has brought. We overrule Thomas' equal protection contention.

Thomas also contends that Section 14.004(a), (b) is a "special law" in violation of TEX. CONST. art. III, § 56, which prohibits the Legislature from enacting a special law "[r]egulating the practice or jurisdiction of ... any judicial proceeding or inquiry before courts." A special law is limited to a particular class of persons, distinguished by some characteristic other than geography. *Sheldon,* 22 S.W.3d at 450. The purpose of Section 56 is to prevent the granting of special privileges, to promote uniformity of law throughout the State, and to prevent the enactment of laws to advance personal interests rather than the public interest. *Id.* The test of whether a law is general or special is whether there is a reasonable basis for the classification made by the law and whether the law operates equally on all within the class. *Maple Run at Austin Mun. Util. Dist. v. Monaghan,* 931 S.W.2d 941, 945 (Tex.1996) (quoting *Rodriguez v. Gonzales,* 148 Tex. 537, 227 S.W.2d 791, 793 (1950)).

In *Bush,* 23 S.W.3d at 219, the same argument was made before the Beaumont Court of Appeals. The Beaumont court found there is a reasonable basis for the classification made by Section 14.004 because the law is intended to control "the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *Id.* (quoting *Hickson,* 926 S.W.2d at 399). We agree. Therefore, inasmuch as Thomas has not demonstrated how the law operates unequally on all the members of the class, we overrule his second issue.

In his third issue, Thomas contends the trial court is proceeding under two separate cause numbers. The basis of his contention is a document attached to his brief that is styled "Original Petition With A Jury Demand." The document appears to be an original petition, but it is not contained in the clerk's record. The cause

number handwritten at the top of that document is 17594. Every other document in the clerk's record is listed under cause number 17584. Thomas contends that the order dismissing the case is not valid to dispose of cause number 17594 because it was issued under cause number 17584.

We overrule Thomas' third issue on appeal. As stated previously, attachments to the brief are not part of the appellate record. *Randle*, 26 S.W.3d at 515 n. 1.

The judgment is affirmed.