Affirmed and Memorandum Opinion filed January 16, 2003









Affirmed
and Memorandum Opinion filed January 16, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00696-CV

____________

 

HOWARD VANZANDT WILLIAMS,
Appellant

 

V.

 

WAYNE SCOTT, TDCJBID, MYSON FOSTER, and LESTER MITCHELL,
Appellees

 



 

On
Appeal from the 23rd District Court

Brazoria County, Texas

Trial
Court Cause No. 15848*I 01

 



 

M
E M O R A N D U M   O P I N I O N

Appellant
Howard Vanzandt Williams, an inmate, appeals the
dismissal of his lawsuit stemming from an alleged assault by two prison
guards.  We affirm.








In
a suit brought by an inmate who asserts an inability to pay costs, the inmate
must file an affidavit or declaration providing certain information about each
previous lawsuit he or she has filed.  See
Tex. Civ. Prac. & Rem. Code Ann.
'
14.004 (Vernon 2002).  If the inmate
fails to comply with this requirement, the trial court may dismiss the lawsuit
as frivolous.  See id. '
14.003; Bell v. Tex. Dep=t
of Crim. JusticeBInst=l Div., 962
S.W.2d 156, 158 (Tex. App.CHouston [14th Dist.] 1998, pet. denied).  We review the trial court=s
dismissal for an abuse of discretion.  Hickman
v. Adams, 35 S.W.3d 120, 123 (Tex. App.CHouston [14th Dist.] 2000, no pet.).

In
this case, Williams filed a declaration identifying numerous lawsuits he has
filed in state and federal court. 
However, Williams=s declaration fails to state the operative facts for each
lawsuit, as required by section 14.004.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 14.004(a)(2)(A).   Instead, Williams supplies only general
descriptions of the type of claim or the ground for legal recovery, such as AThis
case was filed under the Texas Tort Claims Act@ or A[Defendants= acts] violated petitioner=s 1st and 14th Amendment rights.@  Thus, the trial court
could not possibly determine whether the current suit arises from the same
operative facts as these previously filed suits, and dismissal was
appropriate.  See White v.
State, 37 S.W.3d 562, 565 (Tex. App.CBeaumont 2001, no pet.).

Williams
claims that he was prevented from complying with the requirements of section
14.004 because of a TDCJBID rule requiring inmates to either destroy or send home all
non-active legal materials.  The only Aevidence@
Williams presents supporting the existence of this rule is the following
statement, which appears after the list of federal-court filings in his Unsworn Declaration of Previously Filed Lawsuits:

There may be other cases filed in the federal court system; however
Petitioner due to a lapse of time, coupled with a new rule of TDCJBID
that all non-active litigation material must either be sent home or destroyed,
cannot properly comply.

Even if we
were to conclude this statement constitutes some evidence that such a rule
exists, Williams does not explain how this rule would have prevented him from
providing the operative facts underlying the lawsuits that he does remember or
that are currently pending.  Accordingly,
the trial court=s decision to dismiss was not an abuse its discretion.








Williams
also claims the trial court abused its discretion by refusing to rule on
several motions he filed, including a Motion for Entry of Default against the
two individual prison guards, Myson Foster and Lester
Mitchell.  Foster and Mitchell were each
served with citation in May 2001; however, they did not file an answer until
March 13, 2002.  On June 25, 2001,
Williams filed a Motion for Entry of Default against Foster and Mitchell,
requesting entry of a default judgment against them.[1]  Williams claims that if the trial court had
timely ruled on his motion and granted a default judgment against Foster and
Mitchell, they would have been foreclosed from asserting their motion to
dismiss.  However, regardless of whether
Williams=s
motions were meritorious, the trial court still could have dismissed the
petition in its entirety based on Williams=s failure to comply with section 14.004.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a) (giving trial courts discretion to dismiss an inmate=s
claims as frivolous on the court=s own motion or motion of a party Aeither
before or after service of process@); Thomas v. Bilby, 40 S.W.3d
166, 168 (Tex. App.CTexarkana 2001, no pet.) (stating that a trial court may
dismiss an inmate=s suit without notice for failure to comply with section
14.004).  Accordingly, we cannot say the
trial court abused its discretion by not ruling on Williams=s
motions.

We
affirm the trial court=s judgment.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

Judgment rendered and Memorandum Opinion
filed January 16, 2003.

Panel consists of Justices Yates,
Anderson, and Frost.

 











[1]  Williams also
sought a default judgment against ATDCJBID.@  Although this
entity=s name appears in the caption of Williams=s petition, Williams did not bring any claims against
it; instead, Williams asserted claims against Wayne Scott in his capacity as
executive director of Texas Department of Criminal Justice, Institutional
Division.  Scott filed an answer before
Williams filed his motion for entry of a default judgment.