# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00539-CV

**Guadalupe Guajardo, Jr., Appellant**

**v.**

**Texas Board of Pardons and Paroles, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN300898, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Guadalupe Guajardo, Jr. appeals the dismissal without prejudice of his petition for a writ of mandamus against the Texas Board of Pardons and Paroles (Board). We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Guadalupe Guajardo, Jr. was convicted of the murder of a police officer in 1962. The jury assessed punishment at life imprisonment. *Guajardo v. State*, 363 S.W.2d 259 (Tex. Crim. App. 1963). Guajardo was paroled from 1975 until 1986. He was re-incarcerated between 1986 and 1988, when he was again released. Guajardo's parole was revoked in 1993 and he has remained

incarcerated since that time. Guajardo represented in the trial court that he had parole reviews in 1994, 1997, and 2000, and that he was to have been up for review again in October of 2003.[1]

Guajardo's complaint centers on the manner in which he perceives the Board is evaluating his parole applications. Guajardo claims that he was advised by a parole interviewer that he had to serve 40 "flat" years (years actually served) in order to be considered for parole on his murder conviction. This is consistent with current law. *See* Tex. Gov't Code Ann. § 508.145(b) (West Supp. 2004). However, the law in effect at the time of his 1962 conviction allowed Guajardo to be considered for parole after serving only fifteen years. *See Ex parte Alegria*, 464 S.W.2d 868, 869 n.1 (Tex. Crim. App. 1971) (citing Act of April 30, 1957, 55th Leg., R.S., ch. 226, art. 3, §15, 1957 Tex. Gen. Laws 470). The law at the time of Guajardo's conviction governs his parole eligibility. *See id.* at 874; *Ex parte Rutledge*, 741 S.W.2d 460, 462 (Tex. Crim. App. 1987). Guajardo filed a petition for mandamus in the trial court urging that while he was formally considered for parole, he was denied any meaningful consideration because the Board was relying on the current law as a matter of either law or policy. Guajardo also petitioned for permission to attend the hearing on his petition. Although Guajardo complied with some of the additional filing requirements designated by section 14.004 of the Texas Civil Practice and Remedies Code, he did not submit a certified copy of his inmate trust account statement.

On May 16, 2003, without ruling on Guajardo's requests to attend the hearing in his case, the trial court held a hearing and dismissed the case. The trial court's order stated that Guajardo's claims lacked an arguable basis in law and that Guajardo failed to comply with the

---

[1] The record does not indicate whether the October 2003 review took place or its outcome.

2

requirements of section 14.006(f) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003(b)(2), .004(c), .006(f) (West 2002). On May 22, 2003, Guajardo filed a notice of appeal and a request for findings of fact and conclusions of law. The trial court entered its findings of fact and conclusions of law on June 16, 2003.

## DISCUSSION

### Participation in the Proceedings Below

Guajardo contends in issues two through six that the trial court abused its discretion and violated his rights under the United States and Texas Constitutions by failing to permit him to participate in the May 16th hearing or respond to the evidence and argument presented by the State at the hearing. Although a party may not be denied access to the courts merely because he is incarcerated, state prisoners have no absolute right to appear personally in civil proceedings. *Bounds v. Smith*, 430 U.S. 817, 820 (1977); *Nance v. Nance*, 904 S.W.2d 890, 892 (Tex. App.—Corpus Christi 1995, no writ); *Prueske v. Dempsey*, 821 S.W.2d 687, 689 (Tex. App.—San Antonio 1991, no writ); *Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ). Instead, courts follow a balancing approach, weighing the public interest in preserving the integrity of the correctional system against the prisoner's right of access. *Thomas v. Bilby*, 40 S.W.3d 166 (Tex. App.—Texarkana 2001, no pet.).

Courts consider a number of factors in determining whether to permit a prisoner to appear in court in a civil case, including:

(1) the cost and inconvenience of transporting the prisoner to court;

(2) the security risk and danger to the court and public by allowing the appearance;

3

(3)  whether the prisoner's claims are substantial;

(4)  whether a determination of the matter can reasonably be delayed until the prisoner's release;

(5)  whether the prisoner can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise;

(6)  whether the prisoner's presence is important in judging his demeanor and credibility compared to that of other witnesses;

(7)  whether the trial is to the court or to a jury; and

(8)  the prisoner's probability of success on the merits.

*Thomas*, 40 S.W.3d at 169; *Brewer*, 737 S.W.2d at 423.  We review the trial court's balancing of these interests under an abuse of discretion standard.  *Thomas*, 40 S.W.3d at 169; *Brewer*, 737 S.W.2d at 423.

We find that the trial court did not abuse its discretion by denying Guajardo the opportunity to participate in the hearing, as his attendance and participation was unnecessary to resolve the controlling issue.  Guajardo's mandamus petition was fatally defective because he failed to file a certified copy of his inmate trust account as required by section 14.004(c) of the Texas Civil Practice and Remedies Code.  Dismissal is appropriate when a prisoner who files an affidavit or unsworn declaration of inability to pay costs in a suit fails to also submit an affidavit in compliance with section 14.004 and an accompanying certified statement of his inmate trust account.  *See Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.); *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  This defect was determinative of the case and was wholly ascertainable from the record.  *See Thomas*, 40 S.W.3d at 169.

4

Guajardo further contends that, even if he was not entitled to appear at the hearing, he was improperly deprived of the opportunity to respond to the Board's motion to dismiss or introduce evidence. But Guajardo was served with the Board's motion to dismiss on May 5, 2003, eleven days before the hearing. The motion explicitly sought dismissal on the grounds that Guajardo had failed to file a certified copy of his inmate trust account statement. Guajardo admitted receiving the motion by May 9, 2003, as he signed a request for extension of time to respond on that date. Guajardo also filed a declaration in support of his request. Nowhere did he indicate that he was unable to obtain a copy of his inmate trust account statement within the week prior to the May 16th hearing. We find no abuse of discretion in the trial court's failure to reset the May 16th hearing or otherwise permit Guajardo to participate in the hearing when Guajardo was on notice of his failure to submit a copy of his inmate trust account and made no effort to remedy this omission. We overrule Guajardo's second through sixth issues.

**Reporter's Record**

Guajardo complains in his first issue that his appeal was fatally prejudiced by his inability to obtain a record of the May 16th hearing and asks that we reverse the trial court's order dismissing the case and remand for a new hearing which will be recorded. We disagree.

Dismissal of Guajardo's case was appropriate because he failed to file a certified copy of a statement of his inmate trust account. A hearing was not required. *See Thomas v. Wichita General Hosp.*, 952 S.W.2d 936, 938 (Tex. App.—Fort Worth 1997, pet. denied). Because dismissal was appropriate on the record prior to the May 16th hearing, we find that the failure to record the

5

hearing at which the dismissal order was signed did not impede Guajardo's right to appeal. We therefore overrule his first issue. *See Rogers*, 561 S.W.2d at 173-74.

## Findings of Fact and Conclusions of Law

In his seventh issue, Guajardo contends that the trial court erred by filing findings of fact and conclusions of law after his case had been dismissed. But Guajardo requested the findings himself after he received the order dismissing the case. A party may not request a court take a particular action and then complain on appeal that the court erred in granting his request. *Northeast Tex. Motor Lines, Inc. v. Hodges*, 158 S.W.2d 487, 488 (Tex. 1942); *Austin Transp. Study Policy Comm. v. Sierra Club*, 843 S.W.2d 683, 689 (Tex. App.—Austin 1992, writ denied). We overrule Guajardo's seventh issue.

## Delegation

In his eighth issue, Guajardo contends that the trial court impermissibly delegated its power to set a hearing in the case to the Board's counsel. Guajardo evidently bases his complaint solely on the fact that the Board filed a notice of a hearing on its motion to dismiss. This notice set the date for the May 16th hearing and explained that the matter would take approximately fifteen minutes. Guajardo relies on an unpublished case from the Fourth Court of Appeals that holds that "no litigant is entitled to a hearing at whatever time he desires." *In Re Arevalo*, No. 04-02-00575, 2002 Tex. App. LEXIS 6217, at *3 (Tex. App.—San Antonio 2002, no pet.). We first note that Guajardo did not preserve error because he did not raise this complaint in the trial court. *See* Tex. R. App. P. 33.1(a); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). Furthermore, the trial court was not bound by the Board's notice of hearing and the mere act of setting the hearing

6

cannot be construed as an impermissible delegation of the trial court's inherent authority to control its own docket. We overrule Guajardo's eighth issue.

**Central Docket**

In his ninth issue, Guajardo argues that his rights under the United States and Texas Constitutions were violated because the trial judge who presided over the hearing, the Honorable Patrick O. Keel, was not the elected judge of the 261st District Court, the court in which his case was filed. Again, Guajardo did not raise this ground in the trial court and did not preserve error. *See* Tex. R. App. P. 33.1(a); *Dow Chem. Co.*, 46 S.W.3d at 241. Furthermore, a litigant does not have a proprietary interest in having his case heard by a particular district judge or court within the county of filing. *See* Tex. Const. art. V, § 11; *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 173 (Tex. App.—Corpus Christi 1999, orig. proceeding); *Starnes v. Holloway*, 779 S.W.2d 86, 96 (Tex. App.—Dallas 1989, writ denied). We overrule Guajardo's ninth issue.

Having overruled all of Guajardo's issues, we affirm the trial court's order dismissing Guajardo's mandamus without prejudice.

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:  May 6, 2004

7