In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-05-516 CV 


______________________


 

ROOSEVELT BARNES, JR., Appellant



V.



POLK COUNTY SHERIFF DEPT., SHERIFF BILLY RAY NELSON, SR.,


SHERIFF MIKE NETTLES, AND THE POLK COUNTY DRUG TASK FORCE,


Appellees






On Appeal from the 258th District Court


 Polk County, Texas


Trial Cause No. 22455 






MEMORANDUM OPINION



 Roosevelt Barnes, Jr., an inmate, filed suit in forma pauperis against the Polk County
Sheriff's Department and other defendants. The lawsuit is related to his arrest. The trial
court dismissed the claim without prejudice for failing to comply with section 14.004 of the
Civil Practice and Remedies Code, and ordered that Barnes pay $165 in court costs and fees. 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003, 14.004, 14.006 (Vernon 2002). Barnes
filed this appeal. We conclude the trial court did not abuse its discretion in dismissing
Barnes's claim. The dismissal order is affirmed. (1) 

 Barnes argues the trial court erred in dismissing his claim for failing to file an
affidavit of previous filings, because he had not filed any previous lawsuits. When an inmate
files suit with an affidavit of inability to pay costs, the trial court has broad discretion to
dismiss the suit, either before or after service of process, if the court finds that the claim is
frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2); see also
Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.--Houston [1st Dist.] 1998, no pet.). 
A claim may be found frivolous when "the claim is substantially similar to a previous claim
filed by the inmate because the claim arises from the same operative facts." Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(b)(4). An inmate who files an affidavit or unsworn declaration
of inability to pay costs must file a separate affidavit or declaration identifying every suit,
except suits filed under the Texas Family Code, previously filed in which the person was not
represented by an attorney, and a description of each suit. Id. § 14.004(a). An inmate that
has not previously filed litigation must still file an affidavit or declaration that provides that
information. See Light v. Womack, 113 S.W.3d 872, 874 (Tex. App.--Beaumont 2003, no
pet.). The trial court may dismiss a claim when the requirements of section 14.004 are not
satisfied. Thomas v. Bilby, 40 S.W.3d 166, 168 (Tex. App.--Texarkana 2001, no pet.). 
Because there was no affidavit or declaration on file when the trial court entered its dismissal
order, the trial court did not abuse its discretion in dismissing Barnes's claim. See id. 

 After the claim was dismissed, Barnes filed a "Motion to Reconsider" in which he
claimed he did not file the required affidavit because the statute did not provide that a
"Plaintiff [had] to file an affidavit if he has never filed a suit." Barnes also filed a declaration
of previous filings that stated, "I have never filed a civil suit in the State nor Federal court
in the State of Texas nor any other State. I have never had a civil suit dismissed." (2) He
requested that the court allow him to proceed with his claim. The trial court denied the
motion.

 The trial court had broad discretion in deciding whether to grant the motion. See
generally Champion Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex.
1988)(orig. proceeding) (new trial). The broad discretion in these circumstances may include
considerations of fairness and convenience, because the original dismissal of the claim
resulted from the movant's error in failing to comply with the statute, and the dismissal was
without prejudice. Barnes essentially offered the excuse that he did not read the statute as
requiring him to file the affidavit or declaration. A mistake of law generally does not
constitute good cause for failure to comply with a statute. See Woods v. Woods, 193 S.W.3d
720, 723 (Tex. App.--Beaumont 2006, pet. denied). "A party who files suit on a claim
governed by a statute is 'charged with knowledge of the statute and its requirements.'" Id.
(quoting Walker v. Gutierrez, 111 S.W.3d 56, 64 (Tex. 2003)). Barnes is charged with
knowledge of the statute and its requirements. In any event, the trial court dismissed the
claim without prejudice. Barnes may re-file his lawsuit despite the denial of the motion. 
Under the circumstances, we find no abuse by the trial court of its broad discretion, and no
error requiring reversal. See Champion Int'l Corp., 762 S.W.2d at 899; Tex. R. App. P. 44.1. 
 Barnes also argues the trial court erred in ordering him to pay filing fees without
considering whether he could pay the fees. Section 14.006 permits a trial court to order an
inmate to pay court fees, and other costs associated with a claim. Tex. Civ. Prac. & Rem.
Code Ann. § 14.006(a). The court determined that Barnes incurred court costs and fees in
the amount of $165. The language in the court's order tracks section 14.006. See id. §
14.006(b), (c), (d), (e). Barnes directs us to no authority suggesting that the trial court's
assessment of costs was improper. See Tex. R. App. P. 38.1(h); Obadele v. Johnson, 60
S.W.3d 345, 351 (Tex. App.--Houston [14th Dist.] 2001, no pet.). 

 Barnes further complains that the State erred in withdrawing $40 in court costs and
fees from his trust account. This complaint does not relate to an error made by the trial court. 
See Robinson v. Larrew, No. 12-03-00361-CV, 2005 WL 736839 at *3 (Tex. App.--Tyler
Mar. 31, 2005, no pet.) (mem. op.). The scope of our appellate jurisdiction is the review of
the lower court's decision. Id. Furthermore, the record does not show the amount withdrawn
from Barnes's trust account or the amount of the preceding six months' deposits to the
account. See Tex. Civ. Prac. & Rem. Code Ann. § 14.006(b) (providing the terms for
deducting costs from an inmate's trust account). Barnes's two issues are overruled.

 The trial court's judgment is affirmed.

 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on November 28, 2006

Opinion Delivered March 22, 2007


Before McKeithen, C.J., Gaultney and Kreger, J.J.

 
1. The State's motion to dismiss for lack of service filed in this Court is moot. 
2. Although entitled "Affidavit," this document substantially complies with the
requirements of an unsworn declaration. See Tex. Civ. Prac. & Rem. Code Ann. §§
132.002, 132.003 (Vernon 2005).