NO.
12-07-00157-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

DALE A. CROSBY,  §          APPEAL
FROM THE THIRD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

BERNARD DIXON, RUSSELL
MITTASCH,

DEBORAH DENBY, BLAKE
LAMB,

CHRISTOPHER GOYENS,
VINCENT

MARSHALL, DONNA CURTIS, BRENDA           §          HOUSTON
COUNTY, TEXAS

HOUGH, BETTY WILLIAMS,
KRISTI 

DUDLEY AND BARBARA
GIPSON,

APPELLEES 

 

 



MEMORANDUM OPINION








            Appellant
Dale A. Crosby, proceeding pro se, appeals the trial court’s order dismissing
his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies
Code.  Crosby presents three issues on
appeal.  We affirm.

Background

            Crosby
is an inmate in the Texas Department of Criminal Justice-Institutional Division
(“TDCJ”).  While incarcerated, Crosby
filed an in forma pauperis civil suit against Bernard Dixon, Russell Mittasch,
Deborah Denby, Blake Lamb, Christopher Goyens, Vincent Marshall, Donna Curtis,
and four University of Texas Medical Branch employees (collectively “Appellees”).  In his suit, Crosby alleges that Appellees
(1) assaulted and battered him, (2) used excessive force against him in
violation of the Eighth Amendment to the United States Constitution, (3)
deliberately delayed and denied him treatment for his injuries sustained from
the assault and battery to appease security officials and as retaliation for
his complaining and using the grievance system, and (4) violated his common law
right to privacy.  Crosby sought injunctive
relief, and actual and punitive damages. 
An “Affidavit of Previous Filing” was attached to Crosby’s original
petition.








            On
March 15, 2007, without conducting a hearing, the trial court found that Crosby
failed to provide an affidavit related to previous filings that complied with
section 14.004, that he failed to file the suit before the thirty-first day
after the date he received the written decision from the grievance system, and
that his suit was frivolous or malicious according to section 14.003.  Thus, the trial court dismissed Crosby’s suit
without prejudice pursuant to Chapter 14 of the Texas Civil Practices and
Remedies Code.  This appeal followed.

 

Dismissal Pursuant to Chapter
14 of

the Texas
Civil Practices and Remedies Code

            In
three issues, Crosby argues that the trial court’s dismissal was improper.[1]  In his first issue, he contends that the
trial court overlooked his affidavit of previous filings that complied with
section 14.004 of the Texas Civil Practices and Remedies Code.  In his second issue, he argues that he filed
the suit before the thirty-first day after he received a written decision from
the grievance system. Finally, in his third issue, Crosby complains that the
trial court dismissed his suit without a motion from Appellees or without
conducting a hearing. 

Standard of Review

            We
review the trial court’s dismissal of an in forma pauperis suit under an abuse
of discretion standard.  Hickson v.
Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan,
981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was proper
under any legal theory.  Johnson v.
Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Birdo v. Ament,
814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).  The trial courts are given broad discretion
to determine whether a suit should be dismissed because (1) prisoners have
a strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of
unmeritorious claims accrues to the benefit of state officials, courts, and
meritorious claimants.  See Montana
v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ). 

Dismissal

            Chapter
14 of the Texas Civil Practices and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of
inability to pay costs.[2] Tex.
Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson,
926 S.W.2d at 398.  Prison inmates who
file suits in Texas state courts pro se and who seek to proceed in forma
pauperis must comply with the procedural requirements set forth in Chapter
14.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.001, 14.004-.006
(Vernon 2002).  A failure to fulfill
those procedural requirements will result in dismissal of an inmate’s
action.  See Lilly v. Northrep,
100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied).  Because Crosby brought the underlying suit
pro se and filed a request to proceed in forma pauperis, he was required to
fulfill the various procedural requirements set forth in Chapter 14. 

            The
trial court found that Crosby failed to bring his suit within thirty-one days
of receiving a written decision from the grievance system pursuant to Section
14.005 of the Texas Civil Practices and Remedies Code.  See  Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002).  The trial court must dismiss a suit that was
not filed within this time period.  Id.  According to the record, Crosby signed the
Step 1 Grievance on April 24, 2006, and a prison official signed a written
decision on May 19, 2006.  The record
also includes a Step 2 Grievance signed by Crosby on November 22, 2006, in
which Crosby noted the grievance was being filed beyond the due date. He
explains here that his Step 1 Grievance was not returned to him until November
21, 2006 and that he previously had filed a Step 2 Grievance, which was not
returned at that time.  Thus, he contends
that he had to file another Step 2 Grievance and that his suit was filed within
thirty-one days after his second Step 2 Grievance was returned.  Crosby’s suit was filed on February 6,
2007.             Even
if this is true, Crosby has not complied with the statute.  Section 14.005 also requires a litigant to
state the date on which he received the written grievance decision.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(a)(1) (Vernon 2002).  Compliance with Section 14.005 is a
prerequisite to judicial review of inmate claims.  See Retzlaff v. Tex. Dep’t of Criminal
Justice, 94 S.W.3d 650, 652 (Tex. App.–Houston [14th Dist.] 2002, pet.
denied).  In his suit, Crosby did not
state the date he received the final written grievance decision.  Further, nothing Crosby filed in the trial
court would have alerted it to the date the final grievance decision was
returned to him.  On the Step 2 Grievance
form, the box marked “OFFICE USE ONLY” is bereft of any contextual clues
indicating a delivery or returned date. 
Therefore, the trial court reasonably concluded that Crosby’s suit was
not timely filed and that it was required to dismiss his suit.  Because Crosby failed to comply with the
statutory requirements of Section 14.005, the trial court did not abuse its
discretion in dismissing his suit. 
Accordingly, we overrule Crosby’s second issue.  Because Crosby’s second issue is dispositive,
we need not consider his first issue.

Hearing

            A
trial court has discretion whether to hold a hearing before dismissing an
inmate’s suit for failure to comply with the statutes governing such
litigation.  See Moreland v.
Johnson, 95 S.W.3d 392, 394 (Tex. App.–Houston [1st Dist.] 2002, no pet.);
Williams v. Brown, 33 S.W.3d 410, 411 (Tex. App.–Houston [1st
Dist.] 2000, no pet.); see also Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(c) (Vernon 2002) (stating
that a court may hold a hearing to determine whether a suit should be
dismissed).  Neither a hearing nor an
opportunity to respond is required prior to dismissal of an inmate’s suit when
the pleadings are procedurally deficient. 
See Gowan v. Tex. Dep’t of Criminal Justice, 99 S.W.3d
319, 323 (Tex. App.–Texarkana 2003, no pet.); see also Moreland,
95 S.W.3d at 394 (concluding that the court did not abuse its discretion in
denying inmate a hearing or an opportunity to supplement his petition before
dismissing the suit); Kendrick v. Lynaugh, 804 S.W.2d 153, 156
(Tex. App.–Houston [14th Dist.] 1990, no writ) (determining that a court was
under no duty to suggest voluntarily that litigant amend his pleadings). 

            The
trial court did not abuse its discretion by dismissing Crosby’s suit without
holding a hearing because the defects described above were clear and wholly
ascertainable from the record. See Thomas v. Bilby, 40 S.W.3d
166, 169-70 (Tex. App.–Texarkana 2001, no pet.).  Because Crosby’s pleadings were deficient,
the trial court did not abuse its discretion by dismissing his suit without
holding a hearing.  Accordingly, we
overrule Crosby’s third issue.

 

Disposition

            The
judgment of the trial court is affirmed.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion delivered January 9, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)











[1] We have liberally construed Crosby’s brief in
order to give effect to his arguments.  See
Tex. R. App. P.  38.9. As such, we have determined that he has
raised three issues.





[2]  Chapter
14 does not apply to suits brought under the Family Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.002(b) (Vernon 2002).