

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00113-CV

_____

PROPERTY, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 07-C-477

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Zachary W. Lawson appeals the seizure of his property pursuant to Chapter 59 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 59.01–.14 (West 2006 & West Supp. 2011). In three points of error, Lawson challenges the trial court's refusal to dismiss the State's forfeiture action, the denial of his motion to suppress evidence, and his absence from the hearing. We affirm.

## I.    Background

In August 2007, during a stop to assist Cobie Davis, whose car was apparently experiencing mechanical problems, Officer Randy Cruson of the Atlanta Police Department noticed drug paraphernalia inside the vehicle. Upon investigation, Cruson learned Davis was wanted on an outstanding warrant in Bowie County, and arrested her. Davis subsequently admitted to having purchased crack cocaine from Lawson, and provided a written statement to that effect. In addition to the information received from Davis, Cruson observed a significant amount of traffic around the Lawson residence that indicated narcotics were being sold from the residence. Based on Davis' statement and his own observations of the Lawson residence, Cruson prepared an affidavit for a search warrant of the Lawson residence, upon which a warrant was issued.[1]

---

[1] No information was provided to the trial court other than that contained in the affidavit. Cruson did not inform the court that Davis smoked crack cocaine prior to giving her statement, that she initially lied to him about her name, or that there were outstanding warrants for her arrest from Bowie County. Davis' account was corroborated by a third party, who refused to provide a written statement.

Cruson, along with additional officers, executed the warrant at 316 Wood Street in Atlanta (the Lawson address).

At the Lawson address, Atlanta police officers seized an SKS semi-automatic rifle with loaded magazines, a high point .40 caliber semi-automatic pistol with a loaded magazine, a 12-gauge pump shotgun, six large collector's knives, a cobra head walking cane with a sword, $1,623.00 in United States currency, 158.3 grams of crack cocaine, and 21 morphine pills. Lawson was arrested and charged with possession of a controlled substance.[2]

On August 21, 2007, the State filed its notice of seizure and intended forfeiture of the foregoing property, alleging the property was contraband as proceeds from the sale of narcotics. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01(2)(D). Lawson denied the allegations.[3] By late 2010, when no action had been taken relative to the forfeiture proceeding, Lawson filed a motion to dismiss for the reason that the State "exceeded the statue [sic] of limitations to prosecute this forfeiture claim." In March 2011, Lawson filed a motion for a suppression hearing in accordance with *Franks v. Delaware*, 98 S.Ct. 2674 (1978). These pending motions were considered by the trial court at the forfeiture hearing in May 2011. Both were denied. A final judgment of forfeiture was entered in October 2011.

## II.    Analysis

---

[2]Lawson was convicted of possession of a controlled substance and was sentenced as a habitual offender to thirty years' incarceration. Lawson's attempted appeal of his conviction was dismissed for want of jurisdiction.

[3]Lawson agreed to forfeit the crack cocaine, the morphine pills, and the .40 caliber semi-automatic pistol, but contested forfeiture of the remaining items.

On appeal, Lawson does not challenge the sufficiency of the evidence necessary to prove the validity of the forfeiture. Rather, he contends the trial court lacked jurisdiction to hold the forfeiture hearing. Lawson further complains that the trial court abused its discretion when it denied his motion to suppress evidence without a hearing and violated his right to due process of law by conducting the forfeiture hearing in his absence.

A. *Jurisdiction /Denial of Motion to Dismiss*

"A district court has original jurisdiction of a civil matter in which the amount in controversy is more than $500, exclusive of interest." TEX. GOV'T CODE ANN. § 24.007(b) (West Supp. 2011). Because civil forfeiture actions are in rem proceedings, the trial court's jurisdiction depends on its control over the property. *State v. Thirty Thousand Six Hundred Sixty Dollars and no/100*, 136 S.W.3d 392, 405 (Tex. App.—Corpus Christi 2004, pet. denied). The release or removal of the property from the control of the court terminates the court's jurisdiction over the property. *Id.* Here, there is no evidence that the trial court released control over the subject property; it thus had jurisdiction to conduct the forfeiture hearing.

Lawson's real complaint, while phrased in terms of lack of jurisdiction, relates to the trial court's denial of his motion to dismiss. He contends that because all forfeiture cases "shall proceed to trial in the same manner as in other civil cases," the trial court was obligated to dismiss his forfeiture proceeding when it did not proceed to trial within twelve months of the appearance date. TEX. CODE CRIM. PROC. ANN. art. 59.05(b); TEX. R. JUD. ADMIN. 6(b)(2), *reprinted in* TEX.

4

GOV'T CODE ANN. tit. 2, subtit. F app. (West Supp. 2011). The Rules of Judicial Administration, promulgated pursuant to Section 74.024 of the Texas Government Code,[4] are nonbinding time standards.[5] Thus, the application of Rule 6 is discretionary and nonbinding, and "does not fix a bright line demarking the outward limit of a trial court's discretion to control its docket." *Jones v. Morales*, 318 S.W.3d 419, 427 (Tex. App.—Amarillo 2010, pet. denied). The trial court was therefore not bound by statute or rule to hear Lawson's forfeiture case within twelve months of the appearance date.

To the extent Lawson complains of an abuse of discretion in denying his motion to dismiss for want of prosecution, we cannot agree. We review a trial court's ruling on a motion to dismiss for want of prosecution for abuse of discretion. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). An abuse of discretion with respect to factual matters occurs if the record establishes that the "trial court could reasonably have reached only one decision." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Even if this Court would decide the issue differently, we should not disturb the trial court's decision unless it is without reference to any guiding rules and principles, or it is arbitrary and unreasonable. *Id.*

The trial court has the inherent authority to control its docket, and is thus empowered to dismiss a case under such authority or under Rule 165a of the Texas Rules of Civil Procedure.

---

[4]*See* TEX. R. JUD. ADMIN. 1, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. F app. (West 2005).
[5]Section 74.024 of the Texas Government Code provides, in part, that "[t]he supreme court may consider the adoption of rules relating to . . . nonbinding time standards for pleading, discovery, motions, and dispositions" and "nonbinding dismissal of inactive cases from dockets, if the dismissal is warranted . . . ." TEX. GOV'T CODE ANN. § 74.024(c)(1), (2) (West 2005).

*Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Jones*, 318 S.W.3d at 427; *see* TEX. R. CIV. P. 165a. Whether a plaintiff has prosecuted a case with diligence is generally a question of fact. *See MacGregor*, 941 S.W.2d at 75–76.

Here, the forfeiture hearing was not conducted until almost four years after the notice of seizure and intent to forfeit was filed. Judgments of conviction against Lawson for the offense of possession of a controlled substance were entered December 4, 2009.[6] The State need not await a final conviction on the underlying offense in order to proceed with a forfeiture action. TEX. CODE CRIM. PROC. ANN. art. 59.05(d). However, an acquittal on the underlying offense "raises a presumption that the property or interest that is the subject of the hearing is nonforfeitable." *Id.* For this reason, we do not fault the State for awaiting conviction prior to pressing forward in the forfeiture action. However, the forfeiture action did not proceed to trial until early May 2011. This delay, while not laudable, is not unreasonable as a matter of law. *See Christian v. Christian*, 985 S.W.2d 513, 515 (Tex. App.—San Antonio 1998, no pet.) (thirteen-year delay in prosecuting contempt action unreasonable as matter of law).

The purpose of the Texas Rules of Civil Procedure is to "obtain a just, fair, equitable and impartial adjudication of the rights under established principles of substantive law." TEX. R. CIV. P. 1. Because a dismissal for want of prosecution disposes of a case without deciding the substantive issues of the controversy, a just resolution generally requires a trial on the merits,

---

[6]Two separate judgments were entered on this date, pursuant to Section 481.115(c) and (d) of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(c), (d) (West 2010).

rather than a dismissal. *Valence Operating Co. v. Anadarko Petroleum Corp.*, 303 S.W.3d 435, 444 (Tex. App.—Texarkana 2010, no pet.).

On the record before us, we cannot conclude the trial court abused its discretion in overruling the motion to dismiss for want of prosecution.

B.      *Denial of Motion to Suppress Evidence*

Lawson next contends the trial court abused its discretion in denying his motion to suppress evidence filed in the forfeiture proceeding. We disagree.

Lawson likewise filed a motion to suppress evidence in his criminal case, styled "The State of Texas v. Zachary Wayne Lawson." After conducting an evidentiary hearing on the motion, at which both Lawson and his counsel were present, the trial court issued a comprehensive memorandum order denying the motion. In this connection, the trial court observed, at the forfeiture hearing:

> I would point out that in his criminal proceeding, The State of Texas vs. Zachary Lawson, which was Cause No. 07F00239, which was in this court, the defendant raised the identical claims that he's raising in his motion to suppress in this forfeiture proceeding, and in that proceeding the court issued a lengthy opinion . . . in which the court specifically addressed all of the allegations in a motion to suppress and denied the motion. Subsequently, the defendant entered his plea of guilty to the offense and was sentenced to a thirty year sentence pursuant to the plea agreement. His matter was appealed to the Court of Appeals. The Court of Appeals denied the appeal as being untimely. So the criminal [m]atter has become final. Now, keeping in mind that this is an in rem proceeding not directly against Mr. Lawson, nevertheless, Mr. Lawson is the owner of the property subject to the forfeiture. It would appear to the court that he's in essence the real party of interest. The state is the moving party, has been, was the prosecuting party in the criminal matter, so you've got an identity of parties, or parties of privity. In

7

addition, you've got identical issues being raised in both actions. I think the fact that the criminal matter resolved the issues and that judgment became final bars re-litigation of this issue in this matter via the doctrines of collateral estoppel and/or res judicata . . . .

We find the trial court's reasoning persuasive. "Collateral estoppel is frequently characterized as a preclusion of issues because it bars relitigation of any ultimate issue of fact which was litigated and essential to the judgment in a prior suit." *Francis v. Marshall*, 841 S.W.2d 51, 54 (Tex. App.—Houston [14th Dist.] 1992, no pet.). Here, the issue of suppression was raised and litigated in Lawson's criminal case. The trial court's determination that the fruits of Cruson's search were not subject to suppression was necessary to the prior criminal judgment.[7] Accordingly, Lawson is not entitled to relitigate the issue of suppression. *See id.*; *see also Johnson v. Am. Med. Int'l*, 36 S.W.3d 572, 576 (Tex. App.—Tyler 2000, pet. denied) (prior

---

[7]In Lawson's criminal case, the trial court decided the issue of suppression apart from *Franks*, having determined:

> Lawson's Motion to Suppress does not even allege that there were misstatements or omissions, let alone provide the type of offer of proof required . . . . At best, Defendant presents the alleged omissions of fact on the issue of the informant's credibility. In fact, *Franks v. Delaware* was not even raised by either Defendant's attorney in their initial Motions to Suppress, and . . . Lawson's attorney did not raise the issue in his post-hearing brief. . . .

> [Lawson] cannot raise this issue as a parting shot, particularly when the State was not on notice that the issue was even being contemplated at the hearing. Moreover, Defendants cannot cloak a *Franks v. Delaware* argument by calling it a reliability issue, when that issue is based on alleged omissions of material fact.

Even though Lawson did not raise the *Franks* aspect of his motion to suppress prior to the hearing, the *Franks* issue could have been litigated had it been raised in the motion to suppress. The doctrine of res judicata bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a prior lawsuit. *Russell v. Moeling*, 526 S.W.2d 533, 536 (Tex. 1975); *Fiallos v. Pagan-Lewis Motors, Inc.*, 147 S.W.3d 578, 584 (Tex. App.—Corpus Christi 2004, pet. denied).

conviction may work a collateral estoppel in subsequent proceeding if identical issues were litigated and directly determined in prior criminal proceeding).

### C. Lawson's Absence from the Hearing

In his final point of error, Lawson complains that despite his request to be present at the hearing, the trial court failed to secure his presence, thus violating his due process rights.[8]

"A prisoner has a constitutional right of access to the courts and may not be denied access merely because he is an inmate." *In re I.V.*, 61 S.W.3d 789, 796 (Tex. App.—Corpus Christi 2001, no pet.), *disapproved on other grounds by In re J.F.C.*, 96 S.W.3d 256, 267 (Tex. 2002); *Armstrong v. Randle*, 881 S.W.2d 53, 56–57 (Tex. App.—Texarkana 1994, writ denied). There is, however, no absolute right for an inmate to appear in court in a civil case, such as this one. *Armstrong*, 881 S.W.2d at 56. Denial of an inmate's request to attend civil court proceedings is reviewed for an abuse of discretion. *I.V.*, 61 S.W.3d at 797.

In considering an inmate's right to appear, the preservation of the correctional system's integrity is weighed against the prisoner's right of access, with a goal of achieving a balance that is fundamentally fair. *Id.*; *Thomas v. Bilby*, 40 S.W.3d 166, 169 (Tex. App.—Texarkana 2001, no pet.). In determining this balance, courts consider a number of factors, including: (1) the cost and inconvenience of transporting the inmate to court; (2) the security risk and danger to the court

---

[8]Lawson does not point us to any place in the record where he requested a bench warrant or other means of access to the hearing, either through video or teleconference. We find no such request. *See Conely v. Peck*, 929 S.W.2d 630, 633 (Tex. App.—Austin 1996, no writ) (per curiam) (where record does not contain motion for bench warrant and no record of court's ruling on such motion, court presumes record supports judgment).

and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits. *Armstrong*, 881 S.W.2d at 57; *Thomas*, 40 S.W.3d at 169.

Here, the trial court, after having recognized there was no request by Lawson to "appear personally or by telephone or in any other means," engaged in balancing various factors enumerated in *Armstrong*. Key among those factors were the probability of success on the merits, the need for the court to judge Lawson's demeanor and credibility, the fact that trial was to the court, rather than to a jury, and whether Lawson's claims were substantial. The court observed that the foregoing factors "would absolutely eliminate this matter." The court further reasoned that the motion to dismiss did not require the introduction of testimony, there was no probability of success on the merits of the motion to suppress evidence (for the reasons stated in the foregoing section of this opinion), and it was not necessary to judge Lawson's credibility and demeanor, since the primary witnesses would be "the arresting officers."

The trial court engaged in an appropriate analysis of Lawson's right to be present at the forfeiture hearing; we cannot conclude there was an abuse of discretion in determining this issue.

10

We affirm the judgment of the trial court.



Bailey C. Moseley
Justice

Date Submitted:     May 21, 2012
Date Decided:       May 22, 2012

11